Steven L. Weinstein
steveattorney@comcast.net
P.O. Box 27414
Oakland, Ca 94602
5101 Crockett Place
Oakland, CA 94602
Telephone: (510) 336-2181

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff* ABANTE ROOTER
AND PLUMBING, INC. and the alleged Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| **ABANTE ROOTER AND PLUMBING, INC.**, a California corporation, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**UNLOCKED BUSINESS STRATEGIES, INC.**, a New York corporation, and **THOMAS R. COSTA**, an individual,<br><br>Defendant. | Case No. 4:19-cv-07966-JST<br><br>**MOTION FOR LEAVE FILE PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT AND TO EXTEND THE DEADLINE TO SERVE ALL DEFENDANTS** |

Plaintiff Abante Rooter and Plumbing, Inc. ("Abante" or "Plaintiff") respectfully moves the Court for an Order permitting it to file a Second Amended Class Action Complaint and to Extend the Deadline to Serve All Defendants. In support of this motion, Plaintiff states as follows:

1.      Plaintiff filed its Class Action Complaint on December 4, 2019, against Unlocked Business Strategies, Inc. ("UBS"). (Dkt. 1.)

2.      Fed. R. Civ. P. 4(m) requires that all defendants must be served "within 90 days after the complaint is filed[.]" As such, Plaintiff's deadline to serve all Defendants was March 3,

2020.

3.     On December 12, 2019, Plaintiff served, via process server, UBS with the Complaint, Summons, and other initiating documents. (Dkt. 14.) Thereafter, UBS failed to appear or respond.

4.     On February 17, 2020, Plaintiff filed its First Amended Class Action Complaint ("Complaint"), which named Thomas Costa ("Costa") (collectively with UBS "Defendants") as an additional defendant. (Dkt. 15.) Costa was the Chief Executive Officer of UBS. (Dkt. 15 ¶ 6.)

5.     Plaintiff served Defendant UBS on February 24, 2020 (dkt. 18), placing its deadline to respond on March 16, 2020.

6.     Plaintiff then served Costa on February 26, 2020 (dkt. 19), placing his deadline to respond on March 18, 2020.

7.     To date, neither defendant has entered an appearance, responded to the Complaint, or reached out to Plaintiff's counsel.

8.     Following a review of emails exchanged between Plaintiff and UBS, it is clear that UBS and Costa engaged in telemarketing on behalf of and for the benefit of Merchant Industry, LLC d/b/a Swipe4Free ("Swipe4Free"). That is, Defendants exclusively sold Swipe4Free's products and services and acted as an affiliate of Swipe4Free.

9.     As such, Plaintiff now seeks to amend his Complaint to add Swipe4Free as an additional defendant.

10.    "A district court 'should freely give leave' to amend a pleading 'when justice so requires.'" *Willner v. Manpower Inc.*, No. 11-CV-02846-JST, 2013 WL 3339443, at *1 (N.D. Cal. July 1, 2013) (citing Fed. R. Civ. P. 15). "Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *Id.* (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987)). However, not "all factors merit equal weight". *Id.* Instead, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* (citing

1 | *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.2003)).

2 |      11.    Further, the Court may also extend the deadline for service of process upon finding

3 | good cause for failing to serve the defendant in the required time. *Gillis v. City & Cty. of San*

4 | *Francisco*, No. C 08-3871 SBA, 2009 WL 5215400, at *1 (N.D. Cal. Dec. 28, 2009). "Good

5 | cause means, at a minimum, excusable neglect." *Id.* (citing *Boudette v. Barnette*, 923 F.2d 754,

6 | 756 (9th Cir.1991)). "The Court, in its discretion, may grant an extension even in the absence of

7 | good cause." *Id.*

8 |      12.    Here, Plaintiff moves the Court for leave to amend its complaint to include

9 | Swipe4Free as an additional defendant. Swipe4Free received the benefit of, knew about, and

10 | ratified all of the calls placed by UBS and Costa. That is, UBS was the affiliate of Swipe4Free

11 | and exclusively sold Swipe4Free's products. After UBS sold its products, Swipe4Free provided

12 | all support and customer service for the products sold. Indeed, Swipe4Free is a responsible party

13 | under the TCPA. Plaintiff's Proposed Second Amended Complaint is attached hereto as Exhibit

14 | A.

15 |      13.    Moreover, permitting Plaintiff to file and serve the Second Amended Complaint

16 | would not prejudice any defendant. That is, UBS and Costa have both completely refused to

17 | respond to the litigation in any fashion. Further, refusing to permit Plaintiff to add Swipe4Free

18 | will require Plaintiff to dismiss the current action without prejudice, and re-file essentially the

19 | same action against all three defendants. In short, granting Plaintiff leave to amend would have

20 | the same result.

21 |      14.    Finally, given that the deadline to serve all defendants expired on March 3, 2020,

22 | Plaintiff requests a brief extension of the time to serve all defendants to 30 days after the filing of

23 | the Second Amended Complaint. To date, Plaintiff has diligently and repeatedly served UBS and

24 | Costa. Further, Plaintiff seeks this extension to include Swipe4Free as an additional defendant

25 | that is responsible for the calls to Plaintiff. This extension is not sought for an improper purpose.

26 |      15.    Consequently, Plaintiff respectfully moves the Court for an order granting leave to

1  file its Second Amended Complaint, and permitting Plaintiff thirty (30) days to effectuate service

2  upon all defendants.

3       Therefore, Plaintiff respectfully requests that the Court grant Plaintiff leave to file its

4  Second Amended Complaint, extend the deadline to serve all defendants to thirty days following

5  the filing of the Second Amended Complaint, and for such additional relief as the as the Court

6  deems necessary and just.

7

8  Dated: March 24, 2020                    **Abante Rooter and Plumbing**, individually and on
                                            behalf of all others similarly situated,

9                                           By: /s/ Taylor T. Smith
                                            One of Plaintiff's Attorneys
10

11                                          Steven L. Weinstein
                                            steveattorney@comcast.net
12                                          P.O. Box 27414
                                            Oakland, Ca 94602
13                                          5101 Crockett Place
                                            Oakland, CA 94602
                                            Telephone: (510) 336-2181
14
                                            Patrick H. Peluso*
15                                          ppeluso@woodrowpeluso.com
                                            Taylor T. Smith*
16                                          tsmith@woodrowpeluso.com
                                            Woodrow & Peluso, LLC
17                                          3900 East Mexico Ave., Suite 300
                                            Denver, Colorado 80210
18                                          Telephone: (720) 213-0675
                                            Facsimile: (303) 927-0809
19
                                            *Pro Hac Vice
20
                                            *Counsel for Plaintiff and the Putative Class*
21

22

23

24

25

26

27

28

---

1
2
3

**CERTIFICATE OF SERVICE**

4      The undersigned hereby certifies that a true and correct copy of the above titled document

5  was served upon counsel of record by filing such papers via the Court's ECF system on March

6  24, 2020.

7                          /s/ Taylor T. Smith

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28