Steven L. Weinstein
steveattorney@comcast.net
P.O. Box 27414
Oakland, Ca 94602
5101 Crockett Place
Oakland, CA 94602
Telephone: (510) 336-2181

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff* ABANTE ROOTER
AND PLUMBING, INC. and the alleged Class

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| **ABANTE ROOTER AND PLUMBING, INC.**, a California corporation, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**UNLOCKED BUSINESS STRATEGIES, INC.**, a New York corporation, **THOMAS R. COSTA**, an individual, and **MERCHANT INDUSTRY, LLC d/b/a SWIPE4FREE**, a New York limited liability company,<br><br>Defendants. | Case No. 4:19-cv-07966-JST<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Abante Rooter and Plumbing, Inc. ("Abante" or "Plaintiff") brings this Second Amended Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Unlocked Business Strategies, Inc. ("UBS"), Defendant Thomas R. Costa ("Costa"), and Defendant Merchant Industry, LLC d/b/a Swipe4Free ("Swipe4Free") (collectively the "Defendants") to stop Defendants' practice of placing auto-dialed calls to cellphone owners and to obtain redress for all persons injured by Defendants' conduct.

1    Plaintiff, for its Complaint, alleges as follows upon personal knowledge as to itself and its

2 own acts and experiences, and, as to all other matters, upon information and belief, including

3 investigation conducted by its attorneys.

4                              **JURISDICTION & VENUE**

5    1.    The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

6 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*,

7 ("TCPA" or the "Act") a federal statute. The Court also has jurisdiction under the Class Action

8 Fairness Act, 28 U.S.C. § 1332 ("CAFA"). The alleged Class consists of over 100 persons, there

9 is minimal diversity, and the claims of the class members, when aggregated together, exceed $5

10 million. Further, none of the exceptions to CAFA applies.

11    2.    This Court has personal jurisdiction over the Defendants because, on information

12 and belief, Defendants have solicited and entered into business contracts in this District, and they

13 made the calls at issue in this case and directed such calls to cellphone owners in this District.

14    3.    Venue is proper pursuant to 28 U.S.C. § 1391(b) because Plaintiff received the

15 unlawful calls in this District and the calls were directed to persons residing, at least in part, in

16 this District.

17                                    **PARTIES**

18    4.    Plaintiff Abante is a plumbing company headquartered in Emeryville, which is

19 located in Alameda County, California.

20    5.    Defendant UBS is a corporation incorporated and existing under the laws of the

21 State of New York whose official address is 32 Crane Neck Road, East Setauket, New York,

22 11733, and whose corporate headquarters is located at 1211 Stewart Ave, Bethpage, NY 11714.

23    6.    Defendant Thomas R. Costa is a resident of the State of New York. Defendant

24 Costa is the Chief Executive Officer of Defendant UBS.

25    7.    Defendant Swipe4Free is a limited liability company organized and existing under

26 the laws of the State of New York whose principal place of business is located at 3636 33rd

27

28

Street, Suite 306, Long Island City, New York 11106.

## COMMON FACTUAL ALLEGATIONS

8.      Defendant Swipe4Free sells its point of sale (hereafter referred to as "POS") and merchant processing systems, i.e. credit card scanners and other POS systems that businesses can use to accept credit and debt card payments.

9.      Swipe4Free works with partners or agents to sell its POS systems.

10.     Defendant UBS is a telemarketer that targets consumers and businesses to sell Swipe4Free's POS and merchant processing systems.

11.     On information and belief, Defendant Costa, at all times relevant to this Complaint, oversaw, controlled, and directed all actions of UBS, including the placement of the unsolicited telemarketing calls at issue in this case.

12.     The calls were made by or on Swipe4Free's behalf and with its knowledge and approval. Swipe4Free knew about the calls, received the benefits of the calls, directed the calls to be made, and/or ratified the calls.

13.     Defendants place telemarketing calls to solicit sales of Swipe4Free's POS systems from national merchant payment processors like First Data and TSYS.

14.     All of the calls at issue in this case were made on behalf of, for the benefit of, and with the knowledge and approval of the Defendants. To the extent any of Defendants' agents made the calls, the calls were made on Defendants' behalf and with their knowledge and approval and for their benefit. Defendants knew or should have known the calls were unsolicited yet Defendants accepted the benefits of the calls.

15.     Unfortunately for consumers, Defendants, in an attempt to secure new leads that it could then redirect to the large payment system operators, engaged in an aggressive telemarketing campaign that repeatedly makes unsolicited autodialed and/or prerecorded calls to consumers' telephones including cellular telephones all without any prior express consent—often stepping outside the law in the process.

16.    Specifically, on information and belief, Defendants use an automatic telephone dialing system ("ATDS"), to make unsolicited telemarketing calls to cellphone numbers. This equipment had the capacity to store and dial numbers from a list.

17.    While such calls to landlines may be permitted under the Act, it is a plain violation of the TCPA, 47 U.S.C. § 227, *et seq.* to make such calls to cellphones without first obtaining prior express consent.

18.    Rather than adhere to the requisite rules regarding obtaining consent prior to engaging in telemarketing, Defendants place repeated calls to consumers who have never provided consent (either orally or in writing) to receive such calls.

19.    By making unauthorized telemarketing calls as alleged herein, Defendants have caused consumers actual harm. This includes the aggravation, nuisance and invasions of privacy that result from the placement and receipt of such calls in addition to the wear and tear on their telephones, consumption of battery life, lost ability to place outgoing calls and other interruption in use, cellular minutes, loss of value realized for the monies consumers paid to their carriers for the receipt of such calls, and other diminished use, enjoyment, value, and utility of their cellphones and cellphone plans.

20.    Furthermore, Defendants made the calls knowing that the calls trespassed against and interfered with Plaintiff and the other class members' use and enjoyment of, and the ability to access, their cellphones, including the related data, software, applications, and hardware components.

21.    Defendants knowingly made, and continue to make, repeated autodialed telemarketing calls to cellphone owners without the prior express consent of the recipients. As such, Defendants not only invaded the personal privacy of Plaintiff and members of the putative Class, they also intentionally and repeatedly violated the TCPA.

22.    The calls were made by or on Defendants' behalf and with their knowledge and approval. Defendants knew about the calls, received the benefits of the calls, directed that the

1    calls be made, and/or ratified the making of the calls.

2        23.    The TCPA was enacted to protect consumers from unsolicited telephone calls like

3    those alleged in this case. In response to Defendants' unlawful conduct, Plaintiff files the instant

4    lawsuit and seeks an injunction requiring Defendants to cease all unsolicited telephone calling

5    activities to consumers as complained of herein and an award of statutory damages to the

6    members of the Class, together with costs and reasonable attorneys' fees.

7                    **FACTS SPECIFIC TO PLAINTIFF ABANTE**

8        24.    Plaintiff Abante is the owner and customary user of a cellphone numbers ending in

9    1080 and 7210.

10       25.    At no time did Plaintiff ever provide its cellphone numbers to Defendants or

11   provide Defendants, or any of Defendants' agents, with prior express consent to call.

12       26.    Plaintiff Abante received unsolicited calls from Defendants on:

13           a.    8/27/2019 auto dialed call from caller ID 888-824-6643 to Cell xxx-xxx-

14                 1080. Abante stated that it was not interested. Defendants called three

15                 different times on this date.

16           b.    8/28/2019 auto dialed call from caller ID 888-824-6643 to Cell xxx-xxx-

17                 1080. Abante's agent again stated it was not interested;

18           c.    8/28/2019 auto dialed from caller ID 888-824-6643 to Cell xxx-xxx-7210.

19                 Abante spoke to an agent of UBS.

20       27.    Plaintiff's agent heard a pause and a click when it answered the calls, indicative of

21   an ATDS.

22       28.    Following the August 28, 2019 call, Plaintiff received a follow up email from

23   Ritchie Smyth. Mr. Smyth explained that he was a working with UBS who was an "affiliate" of

24   Swipe4Free. Attached to the email were brochures advertising Swipe4Free's products and

25   services. Mr. Smyth further explained that if Plaintiff were to purchase the product, Swipe4Free

26   would render all of the customer service, product management, and services. Further, Mr. Smyth

27

28

told Plaintiff to "[t]hink of [UBS] as a Franchisee of [Swipe4Free]."

29. All of the calls were made by Defendants' agents or employees at the direction and oversight of the Defendants. Defendants knew about, directed, ratified, and benefitted from the calls.

30. Prior to receiving the above-referenced calls, Plaintiff had no relationship with Defendants, had never provided its telephone numbers directly to Defendants, and had never requested that Defendants place calls to it or to offer it any services. Simply put, Plaintiff has never provided any form of prior express consent to Defendants to place telemarketing calls to its phone number and has no business relationship with Defendants.

31. Defendants were, and still are, aware that the above-described telemarketing calls were made to consumers like Plaintiff who never provided prior express consent to receive them.

32. Defendant Costa is the chief executive office of UBS. Costa controls the day-to-day operations of UBS.

33. On information and belief, Defendant Costa has personal liability for the calls allegedly made herein because he personally oversaw, directed, and executed the telemarketing and unauthorized solicitation campaign at issue. All calls were made with Costa's oversight for the express benefit of the Defendants.

34. Moreover, on information and belief, Costa was responsible for creating, implementing, and enforcing policies and procedures to ensure comply with the TCPA. Consequently, Defendant Costa's failure to implement policies and procedures to avoid violations of the TCPA further establishes his personal liability.

35. Swipe4Free is personally liable for the calls at issue because it knew about the calls, approved the calls, ratified the calls, and received the benefits of the calls. All of the products and services that UBS sold were exclusively Swipe4Free's products and services.

36. By making unsolicited calls as alleged herein, Defendants have caused Plaintiff and members of the Class actual harm. This includes the aggravation, nuisance, and invasions of

privacy that result from the placement of such calls, in addition to the wear and tear on their cellphones, interference with the use of their phones, consumption of battery life, loss of value realized for monies consumers paid to their wireless carriers for the receipt of such calls, and the diminished use, enjoyment, value, and utility of their telephone plans. Furthermore, Defendants made the calls knowing they trespassed against and interfered with Plaintiff and the other Class members' use and enjoyment of, and the ability to access, their phones, including the related data, software, and hardware components.

37.    To redress these injuries, Plaintiff, on behalf of itself and a Class of similarly situated individuals, brings this suit under the TCPA, which prohibits unsolicited telemarketing calls to cellular telephones. On behalf of the Class, Plaintiff seeks an injunction requiring Defendants to cease all unauthorized calling activities and an award of statutory damages to the class members, together with costs, pre- and post-judgment interest, and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

38.    Plaintiff bring this action in accordance with Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of itself and the following Class defined as follows:

**Autodialed Cellphone Class:** All persons in the United States who (1) from the date four years prior to the filing of this Complaint through the date notice is sent to the Class; (2) Defendants caused to be called; (3) on the person's cellphone; (4) for the same purpose as Defendants called Plaintiff, including for the potential purpose of selling Defendants' products; (5) using the same equipment that was used to call the Plaintiff, and (6) for whom Defendants claims they obtained prior express consent in the same manner as Defendants claims they obtained any prior express consent to call the Plaintiff.

39.    The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise

released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons. Plaintiff anticipate the need to amend the class definitions following a period of appropriate discovery regarding the type of equipment use, the purpose of the calls, any consent obtained, and any third party on whose behalf the calls were made.

40.     **Numerosity:** The exact number of members within the Class is unknown and not available to Plaintiff at this time, but individual joinder is impracticable. On information and belief, Defendants have placed telemarketing calls to thousands of consumers who fall into the defined Class. The number of members of the Class and class membership can be identified through objective criteria, including Defendants' phone records and dialer reports.

41.     **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class in that Plaintiff and the members of the Class sustained the same legal injuries and damages arising out of Defendants' uniform wrongful conduct. If Plaintiff has an entitlement to relief, so do the rest of the Class Members.

42.     **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions, including class actions under the TCPA. Neither Plaintiff nor her counsel has any interest in conflict with or antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiff.

43.     **Commonality and Predominance:** There are questions of law and fact common to the claims of Plaintiff and the Class, and those questions will drive the litigation and predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a)     Whether Defendants' conduct violated the TCPA;

(b)     Whether the calls were made by or on behalf of Defendants and/or whether Defendants knew about, approved, or benefitted from the calls;

(c)     Whether Defendants had prior express consent to place the calls;

(d)     Whether the calls were made using an ATDS; and

(e)     Whether Defendants' conduct was willful or knowing such that members of the Class are entitled to treble damages.

44.     **Conduct Similar Towards All Class Members:** By committing the acts set forth in this pleading, Defendants have acted or refused to act on grounds substantially similar towards all members of the Class so as to render certification of the Class for final injunctive relief and corresponding declaratory relief appropriate under Rule 23(b)(2).

45.     **Superiority & Manageability:** This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured. Also, there are no pending governmental actions against Defendant for the same conduct.

### CAUSE OF ACTION
### Violation of 47 U.S.C. § 227, *et seq.*
### (On behalf of Plaintiff and the Autodialed Cellphone Class)

46.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

47.     Defendants made or caused to be made calls to Plaintiff's and the other Class

1   Members' cellphones.

2          48.     These calls were made using equipment that had the capacity to store or produce

3   telephone numbers using a random or sequential number generator, to receive and store lists of

4   phone numbers, and to dial such numbers, *en masse*, without human intervention. The telephone

5   dialing equipment utilized by Defendants had functionality akin to a predictive dialer, stored

6   dialed numbers from a list, dialed random numbers, dialed with minimal human intervention,

7   and/or dialed numbers predictively from a database of non-randomized telephone numbers, in an

8   automatic and systematic manner. Defendants' autodialer disseminated information *en masse* to

9   Plaintiff and other consumers and is an ATDS under the TCPA.

10          49.     Defendants violated the TCPA by making calls using an ATDS to Plaintiff's and

11   other class members' cell phones.

12          50.     The calls were for telemarketing purposes, specifically to apprise Plaintiff and

13   others of the availability of Swipe4Free's products and services and to sell such products and

14   services to Plaintiff and others.

15          51.     On information and belief, Defendant Costa personally oversaw, directed, and

16   executed the telemarketing campaign that placed the calls at issue.

17          52.     Neither Plaintiff nor any other consumer ever provided prior express written or

18   oral consent under the TCPA to be called by or on behalf of Defendants.

19          53.     At no time did Plaintiff provide written consent indicating that Plaintiff agreed to

20   be called using autodialing equipment or informing Plaintiff that consent was not a condition of

21   purchase for any goods or services.

22          54.     Likewise, neither Plaintiff nor any other consumer ever had an existing business

23   relationship with UBS.

24          55.     As a result of Defendants' unlawful conduct, Plaintiff and the other members of

25   the Class suffered actual damages and, under section 47 U.S.C. § 227(c)(5), Plaintiff and each

26   member of the Class are each entitled to receive up to $500 in damages for each violation of 47

27

28

C.F.R. § 64.1200.

56.     Should the Court determine that Defendants' conduct was willful and knowing, the Court may, pursuant to Section 227(c)(5), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

57.     Plaintiff and the class members are also entitled to incidental injunctive relief and corresponding declaratory relief as necessary to prevent their future receipt of Defendants' unlawful calls.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of itself and the Class, pray for the following relief:

A.     An order certifying the Class as defined above, appointing Plaintiff as the representative of the Class, and appointing its counsel as Class Counsel;

B.     An order declaring that Defendants' actions, as set out above, violate the TCPA;

C.     An injunction requiring Defendants to cease all telemarketing calls made using an ATDS to cellphones, without first obtaining prior express consent to call;

D.     An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

E.     An award of trebled damages if willful or knowing violations are shown;

F.     An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above;

G.     An award of pre- and post-judgment interest; and

H.     Such other and further relief that the Court deems reasonable and just.

### JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: April 20, 2020                          **Abante Rooter and Plumbing, Inc.**, individually
                                               and on behalf of all others similarly situated,

1

By: /s/ Taylor T. Smith
One of Plaintiff's Attorneys

2

Steven L. Weinstein

3

steveattorney@comcast.net
P.O. Box 27414
Oakland, Ca 94602

4

5101 Crockett Place
Oakland, CA 94602

5

Telephone: (510) 336-2181

6

Patrick H. Peluso*

7

ppeluso@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com

8

Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300

9

Denver, Colorado 80210
Telephone: (720) 213-0675

10

Facsimile: (303) 927-0809

11

12

*Counsel for Plaintiff and the Putative Class*

13

*pro hac vice

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28