Steven L. Weinstein
steveattorney@comcast.net
P.O. Box 27414
Oakland, CA 94602
Tel: (510) 336-2181

Patrick H. Peluso
ppeluso@woodrowpeluso.com*
Taylor T. Smith
tsmith@woodrowpeluso.com*
**WOODROW & PELUSO, LLC**
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Pro Hac Vice*

*Attorneys for Plaintiff and the Classes*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| **ABANTE ROOTER AND PLUMBING, INC.,** individually and on behalf of all others similarly situated, | Case No. 4:19-cv-07966-JST |
| Plaintiff, | **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION** |
| v. | |
| **UNLOCKED BUSINESS STRATEGIES, INC.** a New York corporation, **THOMAS R. COSTA**, an individual, and **MERCHANT INDUSTRY, LLC d/b/a SWIPE4FREE**, a New York limited liability company, | Date: TBD
Time: TBD
Judge: Hon. Jon S. Tigar
Courtroom: 6, 2nd Floor |
| Defendants. | |

**PLEASE TAKE NOTICE** that at a date and time to be set by this Court, counsel for Plaintiff Abante Rooter and Plumbing, Inc. ("Plaintiff") shall appear before the Honorable Jon S. Tigar or any judge sitting in his stead in Courtroom 6 of the United States District Court for the

Northern District of California, 1301 Clay Street, Oakland, California 94612, and present Plaintiff's Motion for Class Certification ("Motion").

      Plaintiff requests that the Court issue an Order certifying the proposed class of similarly situated individuals. Additionally, Plaintiff requests leave to conduct limited discovery on class related matters.

      This Motion is based on this Notice and Motion, the attached Memorandum of Points and Authorities and exhibit attached thereto, oral argument of counsel, and any other matter that may be submitted at the hearing.

|  |  |
|---|---|
| Date: August 5, 2020 | **ABANTE ROOTER AND PLUMBING, INC.**, individually and on behalf of all others similarly situated, |
| | /s/ Taylor T. Smith<br>One of Plaintiff's Attorneys |
| | Steven L. Weinstein<br>steveattorney@comcast.net<br>P.O. Box 27414<br>Oakland, CA 94602<br>Tel: (510) 336-2181 |
| | Patrick H. Peluso<br>ppeluso@woodrowpeluso.com*<br>Taylor T. Smith<br>tsmith@woodrowpeluso.com*<br>Woodrow & Peluso, LLC<br>3900 East Mexico Ave., Suite 300<br>Denver, Colorado 80210<br>Telephone: (720) 213-0675<br>Facsimile: (303) 927-0809 |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... iv

I.    INTRODUCTION .................................................................................................1

II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY ......................................2

III.    ARGUMENT.........................................................................................................3

    A.    The Alleged Class Meets Each Of The Requirements Of Rule 23(a)................4

        1.    Class membership is ascertainable...........................................................5

        2.    Numerosity is met here. ..........................................................................6

        3.    The Class shares common questions of law and fact. ..............................6

        4.    Plaintiff's claims are typical....................................................................7

        5.    Plaintiff and counsel are adequate representatives. ................................7

    B.    The Proposed Class Meets The Requirements Of Rule 23(b)(2). .......................8

    C.    The Proposed Class Meets The Requirements Of Rule 23(b)(3). ......................9

        1.    Common questions of law and fact predominate...................................9

        2.    A class action is superior to any other method of adjudication. ..........10

    D.    Plaintiff Respectfully Requests Leave To Conduct Limited Discovery. ..........11

IV.    CONCLUSION ...................................................................................................12

# **TABLE OF AUTHORITIES**

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 117 S.Ct. 2231 (1997) ...................................... 4, 8

*Barraza v. C.R. Bard, Inc. and Bard Peripheral Vascular, Inc.*,
      322 F.R.D. 369 (D. Ariz. 2017) ............................................................................................. 9

*Bellows v. NCO Fin. Sys., Inc.*, No. 3:07-cv-01413 (W-AJB), 2008 WL 4155361 (S.D. Cal. Sept.
      5, 2008) ................................................................................................................................ 11

*Gardner v. Shell Oil Co.*, C-09-5876-CW, 2011 WL 1522377 (N.D. Cal. Apr. 21, 2011) ............. 5

*Garvin v. Tran*, No. C07-01571 HRL, 2011 WL 5574864 (N.D. Cal. Nov. 16, 2011) ................... 3

*In re Industrial Diamonds Antitrust Litig.*, 167 F.R.D. 374 (S.D.N.Y. 1996) ................................ 4

*Jackson v. Paycron Inc.*, No. 819CV00609WFJAAS, 2019 WL 2085430 (M.D. Fla. May 13,
      2019) ..................................................................................................................................... 3

*Lee v. Stonebridge Life Ins. Co.*, 289 F.R.D. 292 (N.D. Cal. 2013) ............................................. 11

*Meyer v. Bebe Stores, Inc.*, No. 14-CV-00267-YGR, 2016 WL 8933624 (N.D. Cal. Aug. 22,
      2016) ................................................................................................................................... 11

*Microsoft Corp. v. Raven Technology, Inc.*, No. 6:05-cv-1346-Orl-28DAB, 2007 WL 438803
      (M.D. Fla. Feb. 8, 2007) ..................................................................................................... 11

*Moore v. Ulta Salon, Cosmetics & Fragrance, Inc.*, 311 F.R.D. 590 (C.D. Cal. 2015) ................. 6

*O'Connor v. Boeing North Am., Inc.*, 184 F.R.D. 311 (C.D. Cal. 1998) ........................................ 5

*Pina v. Con-Way Freight, Inc.*, No. C 10-00100 JW,
      2012 WL 1278301 (N.D. Cal. Apr. 12, 2012) ..................................................................... 8

*Pryor v. Aerotek Scientific, LLC*, 278 F.R.D. 516 (C.D. Cal. 2011) .............................................. 5

*Rodriguez v. Hayes*, 591 F.3d 1105 (9th Cir. 2010) ...................................................................... 7

*Skeway v. China Nat. Gas, Inc.*, 304 F.R.D. 467 (D. Del. 2014) .................................................... 4

*Smith v. Microsoft Corp.*, 297 F.R.D. 464 (S.D. Cal. 2014) ........................................................ 10

*TracFone Wireless, Inc. v. Technopark Co., Ltd.*, 281 F.R.D. 683 (S.D. Fla. 2012) ................... 11

*Tyson Foods, Inc. v. Bouaphakeo*, 136 S.Ct. 1036 (2016) ........................................................... 10

*Valentino v. Carter-Wallace, Inc.* 97 F.3d 1227 (9th Cir. 1996) ........................................................ 9

*Vandervort v. Balboa Capital Corp.*, 287 F.R.D. 554 (C.D. Cal. 2012) ........................................ 11

*Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011) ............................................................. 6, 8

*West v. California Servs. Bureau, Inc.*, 323 F.R.D. 295 (N.D. Cal. 2017) .................................... 11

*Whitaker v. Bennett Law, PLLC*, No. 13-CV-3145-L NLS, 2014 WL 5454398 (S.D. Cal. Oct. 27, 2014) .................................................................................................................................... 4

*Whitaker v. Bennett Law, PLLC*, No. 13-CV-3145-L(NLS), 2015 WL 12434306, at *2 (S.D. Cal. Jan. 26, 2015) ....................................................................................................................... 3

*Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010) ......................... 10

**STATUTES, RULES, SECONDARY SOURCES**

Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ....................................................... 1

Fed. R. Civ. P. 23, *et seq.* .................................................................................................... *passim*

5 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE (3d ed. 2001) .................. 5

Alba Conte & Herbert B. Newberg, Newberg on Class Actions (4th ed. 2001) ............................. 6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

This case challenges Defendants Unlocked Business Strategies, Inc.'s ("UBS"), Thomas Costa's ("Costa"), and Merchant Industry, LLC's d/b/a Swipe4Free ("Swipe4Free") (collectively "Defendants") serial violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA" or Act")—specifically, its bar against making unsolicited autodialed calls to cellular telephones. Plaintiff Abante Rooter and Plumbing, Inc. ("Abante" or "Plaintiff") filed its Class Action Complaint on December 4, 2019 (dkt. 1), which was subsequently amended on two occasions. Plaintiff's Second Amended Class Complaint ("SAC" or "Complaint") was filed on April 20, 2020. (Dkt. 25.) To date, no defendant has appeared, answered, or otherwise responded to the Complaint. As such, Plaintiff now moves for class certification based on the well-pleaded allegations and the facts of record.

Plaintiff's claims satisfy each requirement for class certification under Rule 23: the proposed Class is sufficiently numerous, common questions of law and fact predominate over individual issues, Plaintiff's claims are typical of those of the class members, and Plaintiff is an adequate representative and is represented by counsel experienced and well-versed in class action litigation. Further, common issues predominate over any supposed individual issues and a class action is the superior method for resolving the claims at issue.

Consequently, the Court should certify the following Class:

> **Autodialed Cellphone Class**: All persons in the United States who (1) on or after December 4, 2015 through the date notice is sent to the Class; (2) Defendants caused to be called; (3) on the person's cellphone; (4) for the same purpose as Defendants called Plaintiff, including for the potential purpose of selling Defendants' products; (5) from the telephone number (888) 824-6643; (6) using the same equipment that was used to call the Plaintiff, and (7) for whom Defendants claims they obtained prior express consent in the same manner as Defendants claims they obtained any prior express consent to call the Plaintiff.

(SAC ¶ 38.)

Plaintiff also respectfully requests leave to conduct limited discovery regarding class

related issues for a period of 120-days. Plaintiff intends to serve a subpoena on the telephone service provider to obtain the outbound call records for the telephone number utilized to call Plaintiff. Plaintiff will then utilize the records to identify individual class members and the total number of calls, which will enable Plaintiff to develop an adequate notice plan and establish damages.

As explained below, the Court should certify the proposed Class based on Plaintiff's well-pleaded allegations, and issue an Order granting Plaintiff leave to conduct discovery.

## II.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

Defendant Swipe4Free sells point of sale (hereafter "POS") and merchant processing systems to businesses to enable to process credit and debit card transactions. (SAC ¶ 8.) To sell its POS systems, Swipe4Free works with partners or agents such as UBS. (*Id.* ¶¶ 9-10.) Defendant UBS is a telemarketer that targets consumers and businesses to sell Swipe4Free's POS and merchant possessing systems. (*Id.* ¶ 10.) In doing so, Defendant UBS placed telemarketing calls *en masse* to consumers and businesses using an automatic telephone dialing system ("ATDS")—a plain violation of the TCPA. (*Id.* ¶¶ 15-16.) For his part, Defendant Costa oversaw, controlled, and directed all actions of UBS, including its telemarketing activities. (*Id.* ¶ 11.)

In Plaintiff Abante's case, it received multiple telephone calls from Defendants UBS and Costa advertising Defendant Swipe4Free's products and services. (SAC ¶ 26.) On August 27, 2019, Plaintiff received three autodialed calls from the telephone number 888-824-6643 directed to its cellular telephone. (*Id.*) On August 28, 2019, Plaintiff received two additional autodialed calls from the telephone number 888-824-6643 directed to its cellphone. (*Id.*). At no time has Plaintiff ever provided its prior express written consent to any Defendant to be called. (*Id.* ¶ 30.) Moreover, Plaintiff does not have any prior business relationship or dealings with Defendants. (*Id.*)

Plaintiff filed its Class Action Complaint on December 4, 2020 (dkt. 1), which was later amended twice. On February 17, 2020, Plaintiff filed its First Amended Class Action Complaint

naming Costa as an additional defendant. (Dkt. 15.) Later, on April 20, 2020, Plaintiff filed its Second Amended Class Action Complaint, which named Swipe4Free as an additional defendant. (Dkt. 25.) Plaintiff obtained service on UBS (via its registered agent) on April 22, 2020 (dkt. 32), which placed its deadline to respond to the SAC on May 13, 2020. Plaintiff served Defendant Costa on May 5, 2020, by leaving a copy of the SAC and summons with his wife (dkt. 34), placing his deadline to respond on May 26, 2020. Finally, Plaintiff effectuated service of process on Swipe4Free on April 24, 2020, by leaving a copy of the SAC and summons with an individual who represented that he was authorized to accept service on behalf of Swipe4Free (dkt. 33), which placed its deadline to respond on May 15, 2020. To date, all Defendants have failed to appear, respond, or contact Plaintiff's counsel. On July 13, 2020, the Clerk of Court entered default against all Defendants. (Dkt. 36.)

Based upon the well-pleaded allegations, the Court should certify the Class, and grant Plaintiff leave to conduct discovery.

### III. ARGUMENT

"As a threshold matter, entry of default does not alter the Court's analysis for class certification. Certification under Rule 23 remains a necessary procedural requirement in order for the class to recover damages." *Whitaker v. Bennett Law, PLLC*, No. 13-CV-3145-L(NLS), 2015 WL 12434306, at *2 (S.D. Cal. Jan. 26, 2015). "As such, 'relief cannot be granted to a class before an order has been entered determining that class treatment is proper.'" *Id.* (citation omitted). Upon entry of default, the "well-pleaded allegations regarding liability are taken as true except as to the amount of damages." *Garvin v. Tran*, No. C07-01571 HRL, 2011 WL 5574864, at *2 (N.D. Cal. Nov. 16, 2011) (citing *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002); *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977)). This includes class related factual allegations. *See Jackson v. Paycron Inc.*, No. 819CV00609WFJAAS, 2019 WL 2085430, at *2 (M.D. Fla. May 13, 2019) (citations omitted) ("'[a] defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact,' including specifically allegations relating

to the prerequisites for class certification under Federal Rule 23.").

To be sure, courts routinely certify classes despite a defendant's failure to appear. *See Whitaker v. Bennett Law, PLLC*, No. 13-CV-3145-L NLS, 2014 WL 5454398 (S.D. Cal. Oct. 27, 2014) (certifying a TCPA class action despite the defendant's refusal to appear); *In re Industrial Diamonds Antitrust Litig.*, 167 F.R.D. 374, 386-87 (S.D.N.Y. 1996) (certifying a class action against General Electric Company and DeBeers following DeBeers' default); *Skeway v. China Nat. Gas, Inc.*, 304 F.R.D. 467, 477 (D. Del. 2014) (granting class certification where the defendant failed to answer or respond). "As a policy matter, 'any other conclusion might give defendants an incentive to default in situations where class certification seems likely.'" *Skeway*, 304 F.R.D. at 472 (quoting *Leider v. Ralfe*, No. 1:01-CV-3137 HB FM, 2003 WL 24571746, at *8 (S.D.N.Y. Mar. 4, 2003)).

As explained below, class certification is appropriate because the proposed Class meets the requirements for certification.

### A. The Alleged Class Meets Each Of The Requirements Of Rule 23(a).

Class certification is appropriate under Rule 23 when the proponent of certification demonstrates that each of the requirements of Rule 23(a) and at least one of the subsections under Rule 23(b) has been satisfied. Fed. R. Civ. P. 23; *see also Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613-14, 117 S.Ct. 2231 (1997). Rule 23(a) requires that (i) the proposed class is so numerous that joinder of all individual class members is impracticable (numerosity); (ii) that there are common questions of law and fact among the class members (commonality); (iii) that the proposed representative's claims are typical of those of the class (typicality); and (iv) that both the named representative and his or her counsel have and will continue to adequately represent the interests of the class (adequacy). Fed. R. Civ. P. 23(a).

In this case, Plaintiff seeks certification under both Rule 23(b)(2) and 23(b)(3). Under Rule 23(b)(2), a plaintiff must show that the party opposing certification has acted or failed to act on grounds generally applicable to the class as a whole, "so that final injunctive relief or

corresponding declaratory relief is appropriate….." Fed. R. Civ. P. 23(b)(2). To certify a class under Rule 23(b)(3) there must be questions of law or fact common to the proposed class members that predominate over any questions affecting only individual members, and the class mechanism must be superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3).

As explained further below, the proposed Class in this case meets all of the requirements of Rules 23(a), (b)(2), and (b)(3), and should therefore be certified.

### 1. Class membership is ascertainable.

Although Rule 23 doesn't expressly require that a proposed class be ascertainable, courts have continued to impose such a condition. *See Pryor v. Aerotek Scientific, LLC*, 278 F.R.D. 516, 523 (C.D. Cal. 2011). "A class definition should be precise, objective, and presently ascertainable . . . [h]owever the class need not be so ascertainable that every potential member can be identified at the commencement of the action." *O'Connor v. Boeing North Am., Inc.*, 184 F.R.D. 311, 319 (C.D. Cal. 1998). A class definition is sufficient if it is "definite enough so that it is administratively feasible for the court to ascertain whether an individual is a member." *Gardner v. Shell Oil Co.*, C-09-5876-CW, 2011 WL 1522377 at *3 (N.D. Cal. Apr. 21, 2011); *see also* 5 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE, ¶ 23.21[1] (3d ed. 2001) ("The identity of class members must be ascertainable by reference to objective criteria.").

Here, the proposed Class at issue here is ascertainable by reference to objective criteria. Plaintiff alleges that it received five (5) autodialed calls from Defendants, which all emanated from the same toll-free number, (888) 824-6643. Below, Plaintiff requests leave to conduct limited class discovery to obtain the records of all calls placed by UBS using this same number during the relevant time period. The information is likely obtainable by serving a subpoena on the telephone service provider ("TSP") associated with the toll-free number.[1] Once Plaintiff obtains

---

[1] Plaintiff, based on investigation conducted by its counsel, believes CallSource, Inc. is the TSP for the toll-free number (888) 824-6643. However, a subpoena is necessary to determine the correct TSP associated with the number.

MOTION FOR CLASS CERTIFICATION           5

the call records, they can be utilized to determine the individuals called and the number of calls placed. Further, there is nothing subjective about whether an individual received a call during the subject time period. While it is unnecessary for Abante to identify each potential class member at this time, it is clear that class membership will be based on objective criteria, the call records. As such, membership in the proposed Class is ascertainable.

### 2. Numerosity is met here.

Numerosity is met where "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). There is not a specific number of class members needed to establish numerosity; however, courts generally find the numerosity requirement to be satisfied when the class size exceeds forty members. *Moore v. Ulta Salon, Cosmetics & Fragrance, Inc.*, 311 F.R.D. 590, 602-603 (C.D. Cal. 2015) ("As a general matter, courts have found that numerosity is satisfied when class size exceeds 40 members.") (citation omitted). Generally, the Court is entitled to make common sense assumptions in order to find support for numerosity. *See* Alba Conte & Herbert B. Newberg, Newberg on Class Actions ¶ 7.20, 66 (4th ed. 2001).

Here, as the allegations of the Complaint are admitted, Defendants concede that they have placed telemarketing calls to thousands of consumers who fall into the defined Class. (SAC ¶ 40.) Moreover, common sense dictates that for a financial telemarketing scheme to have any worthwhile result, Defendants would have had to call hundreds if not thousands of individuals. Accordingly, the proposed Class satisfies the numerosity requirement.

### 3. The Class shares common questions of law and fact.

Rule 23(a) next requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). To meet the commonality prong, the representative plaintiff must demonstrate that the proposed class members "have suffered the same injury." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)). But the claims don't need to be identical. Rather, even a single common question will do. *See id.* at 2556 (citation omitted).

Plaintiff and the Class share multiple common issues of law and fact, including whether: (1) Defendants conduct violated the TCPA; (2) the calls were made by or on behalf of Defendants and/or whether Defendants knew about, approved, or benefitted from the calls; (3) Defendants possessed any prior express consent to place the calls at issue; (4) the calls were placed using an ATDS; and (5) the conduct was willful or knowing such that members of the Class are entitled to treble damages. (SAC ¶ 43.) And because the Class is limited to individuals who received at least one call from Defendants for the same purpose and using the same dialing equipment (SAC ¶ 38), the litigation will answer for everyone whether the autodialed telephone calls were unlawful. In short, the case will produce common questions of law and fact for all class members.

### 4. Plaintiff's claims are typical.

The Plaintiff's claims are typical as well. The typicality prerequisite of Rule 23(a) is fulfilled if "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "[T]he typicality requirement looks to whether the claims of the class representatives [are] typical of those of the class, and [is] satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010) (citation omitted).

Here, Defendants subjected Plaintiff and the Class to a uniform course of conduct. That is, Defendants placed unsolicited, autodialed telephone calls to Plaintiff and all members of the Class. The Class is also limited to calls placed using the same dialing system, from the same number, and for the same purpose. And each member of the Class was damaged in the same manner: their personal privacy was invaded. Because Plaintiff's claims arise out of the same course of conduct as the class members' claims, typicality is satisfied.

### 5. Plaintiff and counsel are adequate representatives.

Finally, Rule 23(a) requires that the representative parties have and will continue to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The adequacy inquiry

"serves to uncover conflicts of interest between named parties and the class they seek to represent.'" *Amchem Products, Inc.*, 117 S.Ct. at 2250-2251. "Two questions are considered when determining the adequacy of representation: '(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'" *Pina v. Con-Way Freight, Inc.*, No. C 10-00100 JW, 2012 WL 1278301, at *5 (N.D. Cal. Apr. 12, 2012).

Plaintiff and its counsel have and will continue to fairly represent the Class, and neither has any conflict with the class members. (SAC ¶ 42.) Further, to date, Plaintiff and proposed class counsel have spent significant time and resources into the investigation and prosecution of this action—including spending time and resources locating and serving each defendant (on multiple occasions). (*See* Dkts. 14, 18, 19, 32, 33, 34.) Proposed class counsel are also respected members of the legal community and have experience litigating class actions of similar size, scope, and complexity. (*See* Firm Resume of Woodrow & Peluso, LLC, attached hereto as Ex. A.) Indeed, proposed class counsel regularly litigate cases under the TCPA and have the resources necessary to conduct litigation of this nature. (*See id.*)

Therefore, the Court should find this requirement is met and appoint Patrick H. Peluso and Taylor T. Smith of Woodrow & Peluso, LLC as Class Counsel, and Plaintiff Abante as the Class Representative.

**B.     The Proposed Class Meets The Requirements Of Rule 23(b)(2).**

Once Rule 23(a) is satisfied, the inquiry turns to Rule 23(b). In this case, Plaintiff seeks certification under both Rule 23(b)(2) and (b)(3). Rule 23(b)(2) provides that the party opposing certification must have acted or failed to act on grounds generally applicable to the proposed class, "thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2). "[T]he key to the (b)(2) class is the 'indivisible nature of the injunctive or declaratory remedy warranted.'" *Dukes*, 131 S. Ct. 2451 at 2557. "[W]hile Rule 23(b)(2) class action have no predominance or superiority requirements, it is

well established that the class claims must be cohesive.'" *Barraza v. C.R. Bard, Inc. and Bard Peripheral Vascular, Inc.,* 322 F.R.D. 369, 387 (D. Ariz. 2017) (citing *Barnes v. American Tobacco Co.*, 161 F.3d 127, 143 (3rd Cir. 1998)).

In this case, Defendants subjected Plaintiff and the Class to a uniform course of conduct. Defendants UBS and Costa placed repeated, autodialed telephone calls to consumers in an effort to sell Swipe4Free's POS and merchant processing systems. Further, Defendants failed to obtain prior express consent to make the calls at issue. And Defendants' default means that they admit that they've acted and refused to act in the same or similar manner with respect to all class members. In short, nothing about Defendants' conduct varied in any significant manner with respect to members of the Class. Furthermore, given the situation the Court is faced with— evaluating a motion for class certification in the absence of key information that only Defendants possess—certification pursuant to Rule 23(b)(2) is particularly apt. That is, (b)(2) classes do not require the Court to direct notice to all class members and, further, in the absence of any notice the Court can still put an end to Defendants' unlawful conduct. Therefore, the Court should issue an Order granting certification pursuant to Rule 23(b)(2).

### C. The Proposed Class Meets The Requirements Of Rule 23(b)(3).

Certification is also warranted under Rule 23(b)(3), which provides that a class action may be maintained where the questions of law and fact common to members of the class predominate over any questions affecting only individual members, and the class action mechanism is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3).

#### 1. Common questions of law and fact predominate.

"Implicit in the satisfaction of the predominance test is the notion that the adjudication of common issues will help achieve judicial economy." *Valentino v. Carter-Wallace, Inc.* 97 F.3d 1227, 1234 (9th Cir. 1996). "The predominance inquiry 'asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-

defeating, individual issues.'" *Tyson Foods, Inc. v. Bouaphakeo*, 136 S.Ct. 1036, 1045 (2016). "When 'one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3).'" *Id.* (citation omitted).

Here, Plaintiff and the Class were subjected to an identical course of conduct insofar as Defendants UBS and Costa placed unsolicited autodialed telephone calls to class members. (SAC ¶¶ 16-18.) Further, the purpose of the calls was the same for all class members—to sell Swipe4Free's POS and merchant processing systems. In short, if Defendants violated the TCPA with respect to its calls directed to Plaintiff, then they violated the TCPA with respect to the calls placed to each and every class member. Indeed, there are no individualized issues to preclude certification. As such, the Court should find that common issues predominate over any hypothetical individualized issues.

### 2. A class action is superior to any other method of adjudication.

Finally, Rule 23(b)(3) requires that the class action mechanism be superior to other available methods for adjudicating the controversy. Fed. R. Civ. P 23(b)(3). "[T]he purpose of the superiority requirement is to assure that the class action is the most efficient and effective means of resolving the controversy." *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010) (citing 7AA Charles Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Procedure, § 1779 at 174 (3d ed.2005)). Rule 23(b)(3) includes the following non-exhaustive list of factors pertinent to this inquiry:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and; (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3). Additionally, "[w]here damages suffered by each class member are not large, this fact weighs in favor of certifying a class action." *Smith v. Microsoft Corp.*, 297 F.R.D. 464, 468 (S.D. Cal. 2014) (citing *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180 (9th Cir. 2001). "'The most compelling rationale for finding superiority in a class

action' is the 'existence of a negative value suit.'" *Id.* at 468-69 (citations omitted).

Tellingly, courts routinely certify class actions involving violations of the TCPA. *See West v. California Servs. Bureau, Inc.*, 323 F.R.D. 295, 307 (N.D. Cal. 2017) (granting class certification in a TCPA case); *Meyer v. Bebe Stores, Inc.*, No. 14-CV-00267-YGR, 2016 WL 8933624, at *11-12 (N.D. Cal. Aug. 22, 2016) (certifying a TCPA class action); *Bellows v. NCO Fin. Sys., Inc.*, No. 3:07-cv-01413 (W-AJB), 2008 WL 4155361, at *8 (S.D. Cal. Sept. 5, 2008) (holding in a TCPA action that "[t]he class action procedure is the superior mechanism for dispute resolution in this matter. The alternative ... would be costly and duplicative."); *Lee v. Stonebridge Life Ins. Co.*, 289 F.R.D. 292, 294 (N.D. Cal. 2013); *Vandervort v. Balboa Capital Corp.*, 287 F.R.D. 554, 563 (C.D. Cal. 2012).

This case presents the classic case for class treatment. That is, Plaintiff is seeking statutory damages for each violation of the TCPA, which amounts to between $500-$1,500 per violation. (SAC ¶¶ 55-56.) Given the small amount of damages likely to be recovered, pursuing suits on an individual basis would be prohibitively expensive for all members of the Class. Moreover, when considering the cohesive nature of the class members' claims, individualized trials would result in duplicative cases and inconsistent rulings. In the end, individualized trials would also be a massive waste of judicial time and resources.

As such, the Court should find that the superiority requirement is satisfied here.

### D.     Plaintiff Respectfully Requests Leave To Conduct Limited Discovery.

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . *or when authorized by these rules, by stipulation, or by court order.*" Fed. R. Civ. P. 26(d)(1) (emphasis added). Courts have found that post-default discovery is permissible and can be necessary to establish damages. *See TracFone Wireless, Inc. v. Technopark Co., Ltd.*, 281 F.R.D. 683, 691 (S.D. Fla. 2012) ("The Court finds such post-default discovery is permissible."); *see also Microsoft Corp. v. Raven Technology, Inc.*, No. 6:05-cv-

1346-Orl-28DAB, 2007 WL 438803, at n.2 (M.D. Fla. Feb. 8, 2007) ("Of course, Microsoft could have pursued discovery, notwithstanding the default.").

Here, as previously noted, Plaintiff will require limited discovery to establish a notice plan, class wide damages, and determine what assets each Defendant possesses. Plaintiff respectfully requests a 120-day period to conduct limited discovery. Specifically, Plaintiff seeks to serve third-party discovery, in the form of subpoenas, on the TSP for the telephone number (888) 824-6643 to receive the outbound call records. Once Plaintiff receives the outbound call records for the subject telephone number, it will be able to identify the specific unique telephone numbers called as well as the number of calls made to each individual. Further, Plaintiff is prepared to hire an expert witness to opine as to the facts and process, if necessary. This process will allow Plaintiff to demonstrate to the Court the number of individuals that were called, harassed, and harmed by Defendants' unlawful conduct. Moreover, the information will be used to develop an adequate notice plan and to demonstrate the appropriate sum of damages. Plaintiff also requests permission to seek third-party discovery to determine whether Defendants have the financial ability to pay any potential judgment. Finally, to the extent the Court determines that any area of Plaintiff's motion needs additional factual substantiation, Plaintiff respectfully requests permission to conduct limited discovery regarding those matters.

IV.   **CONCLUSION**

Plaintiff respectfully requests that the Court certify the Class, appoint Patrick H. Peluso and Taylor T. Smith of Woodrow & Peluso, LLC as Class Counsel, appoint Plaintiff Abante as Class Representative, and award such additional relief as it deems necessary, reasonable, and just.

Respectfully,

Dated: August 5, 2020            **ABANTE ROOTER AND PLUMBING, INC.**, individually and on behalf of all others similarly situated,

/s/ Taylor T. Smith
One of Plaintiff's Attorneys

Steven L. Weinstein
steveattorney@comcast.net
P.O. Box 27414
Oakland, CA 94602
Tel: (510) 336-2181

Patrick H. Peluso
ppeluso@woodrowpeluso.com*
Taylor T. Smith
tsmith@woodrowpeluso.com*
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Counsel for Plaintiff and the Putative Class*

*pro hac vice admission*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 5, 2020, I served a true and accurate copy of the foregoing documents by first-class U.S. Mail, postage prepaid, and properly addressed to the following parties:

Unlocked Business Strategies, Inc.
32 Crane Neck Road
East Setauket, New York 11733

Thomas R. Costa
32 Crane Neck Road
East Setauket, New York 11733

Merchant Industry, LLC d/b/a Swipe4Free
36-36 33rd Street, 306
Long Island City, New York 11106

/s/ Taylor T. Smith