Steven L. Weinstein
steveattorney@comcast.net
P.O. Box 27414
Oakland, CA 94602
Tel: (510) 336-2181

Patrick H. Peluso
ppeluso@woodrowpeluso.com*
Taylor T. Smith
tsmith@woodrowpeluso.com*
**WOODROW & PELUSO, LLC**
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Pro Hac Vice*

*Attorneys for Plaintiff and the Classes*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| **ABANTE ROOTER AND PLUMBING, INC.,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**UNLOCKED BUSINESS STRATEGIES, INC.** a New York corporation, **THOMAS R. COSTA**, an individual, and **MERCHANT INDUSTRY, LLC d/b/a SWIPE4FREE**, a New York limited liability company,<br><br>Defendants. | Case No. 4:19-cv-07966-JST<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge: Hon. Jon S. Tigar |

Plaintiff Abante Rooter and Plumbing, Inc. ("Plaintiff" or "Abante") and Defendant Merchant Industry, LLC d/b/a Swipe4Free ("Defendant" or "Merchant Industry") (collectively Plaintiff and Defendant are referred to as the "Parties")[1] jointly submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of

---

[1] Defendants Unlocked Business Strategies, Inc and Thomas R. Costa have yet to appear in this case.

1

California, Rule 26(f) of the Federal Rules of Civil Procedure, and Civil Local Rule 16-9.

1. Jurisdiction & Service

   This case is an alleged class action brought under the TCPA, a federal statute. As such, the Plaintiff contends that the Court has original jurisdiction under 28 U.S.C. § 1331. The parties have briefed Merchant Industry's motion to dismiss for lack of jurisdiction. (*See* Dkts. 50, 53, 54.) No parties remain to be served.

2. Facts

   Plaintiff's Position: The case challenges Defendants Merchant Industry's, Unlocked Business Strategies, Inc.'s ("UBS"), and Thomas Costa's ("Costa") (collectively "Defendants") alleged violations of the Telephone Consumer Protections Act, 47 U.S.C. § 227, *et seq*. ("TCPA" or the "Act"), specifically its practice of sending unsolicited autodialed telemarketing calls.

   The facts are straightforward. Abante received at least five (5) telemarketing calls placed by UBS soliciting it to purchase Merchant Industry's point of sale and merchant processing services. Plaintiff alleges that all such calls were placed using an automatic telephone dialing system ("ATDS"). At no time did Plaintiff ever provide its prior express written consent to be called by any defendant. Accordingly, Plaintiff, on behalf of itself and a Class of similarly situated individuals, brings this action to put an end to Defendants' serial violations of the TCPA.

   Defendant's Position:

   Plaintiff claims it received five telemarketing calls from UBS, and, thereafter, an email from UBS in which UBS claimed to be a "franchisee" of Merchant Industry. Merchant Industry never knew about, authorized, approved, or ratified this conduct by UBS and therefore cannot be held liable for UBS's actions. Additionally, Merchant Industry disputes that the conduct in question violates the TCPA.

3. Legal Issues

   The Parties' Position:

   (1)   Whether the equipment allegedly used by Defendants to make the alleged calls constitutes an ATDS under the TCPA.

(2) Whether Defendants obtained prior express consent to make the alleged calls.

(3) Whether the proposed class can be certified as a class action in accordance with Federal Rules of Civil Procedure 23.

(4) Whether Merchant Industry can be held liable for the actions of UBS and Costa.

(5) Whether the Plaintiff and the other members of the Class are entitled to statutory damages; and

(6) Whether the Defendants placed the calls in violation of the TCPA knowingly or willingly such that the Court should award treble damages.

4. <u>Motions</u>

<u>Plaintiff's Position:</u> Plaintiff anticipates moving for class certification following class discovery and potentially moving for summary judgment in favor of itself and the class members. Plaintiff also anticipates filing a motion for default judgment with respect to Defendants UBS and Costa. Discovery motions may also be potentially necessary.

<u>Defendant's Position:</u> Merchant Industry's motion to dismiss is currently pending before the Court. Should dismissal not be granted, it anticipates moving for summary judgment in favor of itself and may assert cross-claims against UBS and Costa.

5. <u>Amendment of Pleadings</u>

<u>Plaintiff's Position:</u> Discovery may reveal other entities or individuals personally involved in the making of the calls so as to warrant their inclusion as additional defendants. Plaintiff also anticipates the potential need to amend the class definition following appropriate class discovery regarding the contours of the class. Plaintiff's position is that a deadline for amending the pleadings should be set at some point following completion of certain discovery regarding class related issues so as to identify any additional culpable parties and to appropriately focus the class definition. A deadline of 150 days following commencement of discovery regarding class related issues would suffice.

<u>Defendant's Position:</u> Merchant Industry agrees to the deadline proposed by Plaintiff.

6. <u>Evidence Preservation</u>

The Parties certify that they have reviewed the ESI Guidelines. During the Rule 26(f) conference, counsel for the Parties discussed the potential ESI implicated in this case. The Parties confirm that any relevant ESI is being appropriately preserved. Should discovery proceed, the Parties are committed to working together to reduce the costs of ESI.

7. <u>Disclosures</u>

<u>Plaintiff's Position:</u> Plaintiff proposes that the parties should exchange Rule 26(a) disclosures on or before November 2, 2020.

<u>Defendants' Position:</u> Merchant Industry proposes that the Parties exchange Rule 26(a) disclosures within two weeks following a decision on its motion to dismiss for lack of jurisdiction.

8. <u>Discovery</u>

No discovery has been served thus far and the parties have not identified any discovery disputes. Pursuant to Fed. R. Civ. P. 26(f), the parties submit the following discovery plan:

**(1) Subjects on which discovery may be needed.** Discovery will be needed on the allegations asserted in the Complaint and the legal issues set forth above.

**(2) Issues relating to disclosure or discovery of electronically stored information.** If certain discovery is to be produced in electronic form, the parties have agreed to meet and confer, as necessary, to resolve any issues concerning electronic discovery as they arise.

**(3) Issues relating to claims of privilege or of protection as trial-preparation material.** The parties agree to prepare and produce a privilege log with respect to all documents, electronically stored information, things and oral communications withheld on the basis of a claim of privilege or work product protection except the following: written and oral communications between a party and its counsel after commencement of the action and work product material created after commencement of the action.

**(4) Changes in limitations on discovery.** The parties do not propose any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Civil Local

Rules.

**(5) Orders that should be entered by the court.** The parties anticipate that a protective order governing the treatment of confidential information will be required and will submit a proposed order in the form of the Northern District's model order.

9. Class Actions

The Parties set forth their positions with respect to discovery in Section 17 below.

10. Related Cases

The Parties are unaware of any pending cases related to this action.

11. Relief

Plaintiff's Position: Plaintiff seeks statutory damages for Defendants' alleged violations of the TCPA, which provides $500 per call, which may be trebled to $1,500 per text message where the calls were made willfully without prior express consent. Damages will be calculated depending upon the number of class members and the number of calls following discovery.

Defendant's Position: Merchant Industry disputes that Plaintiff is entitled to the relief sought.

12. Settlement and ADR

The Parties have complied with ADR L.R. 3-5. The Parties anticipate attending private, non-binding mediation before a mutually agreeable mediator. No settlement discussions have occurred to date, although the Parties are open to discussing settlement informally at any appropriate time.

13. Consent to Magistrate Judge For All Purposes

All Parties do not consent to have a magistrate judge conduct all further proceedings.

14. Other References

The parties agree that the case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>

The Parties agree, to the extent necessary, to explore facts that can be proven by stipulation at the appropriate time.

16. <u>Expedited Trial Procedure</u>

The Parties do not believe that this case is suitable for an expedited trial.

17. <u>Scheduling</u>

<u>Plaintiff's Position:</u> Discovery should proceed with respect to both class certification and merits issues for a period of ten (10) months. The first eight (8) months will be devoted to written and oral fact discovery. The final two (2) months of this period will be devoted to experts. Following the close of this initial ten (10) month discovery period, the Parties will brief class certification. Following a ruling on class certification the Court would hold a subsequent case management conference and establish a schedule for the remainder of the case, including a period for any remaining merits-based discovery, and dates for summary judgment briefing, pre-trial conferences, and the trial.

<u>Defendant's Position</u>: Merchant Industry agrees to the schedule as described by Plaintiff.

The Parties propose the following case schedule.

| **Event** | **Proposed Deadlines** |
|---|---|
| Motion to Amend Pleadings and/or Add Parties | March 19, 2021 |
| Deadline to Complete Fact Discovery | June 21, 2021 |
| Initial Expert Disclosures Due (Plaintiff & Defendants) | July 21, 2021 |
| Rebuttal Expert Disclosures Due | August 2, 2021 |
| Complete Expert Discovery | August 20, 2021 |
| Plaintiff to File Motion for Class | September 3, 2021 |

| | |
|---|---|
| Certification | |
| Defendants to File Opposition to Class Certification | October 1, 2021 |
| Plaintiff to File Reply ISO Motion for Class Certification | October 15, 2021 |
| Subsequent Case Management Conference | TBD: to be set after a ruling on class certification |
| File Dispositive Motions | TBD: to be set after a ruling on class certification |

18. <u>Trial</u>

   The Parties anticipate that a jury trial will take 3-5 days.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>

   The Parties have filed their Certification of Interested Entities or Persons.

20. <u>Professional Conduct</u>

   All counsel have reviewed the Guidelines.

21. <u>Other</u>

   The Parties are not aware of any other matters at this time.

Date: October 20, 2020                **ABANTE ROOTER AND PLUMBING, INC.**, individually and on behalf of all others similarly situated,

By: */s/ Taylor T. Smith*
One of Plaintiff's Attorneys

Steven L. Weinstein
steveattorney@comcast.net
P.O. Box 27414
Oakland, CA 94602

7

|   |   |
|---|---|
|   | Tel: (510) 336-2181 |
|   | Patrick H. Peluso<br>ppeluso@woodrowpeluso.com*<br>Taylor T. Smith<br>tsmith@woodrowpeluso.com*<br>Woodrow & Peluso, LLC<br>3900 East Mexico Ave., Suite 300<br>Denver, Colorado 80210<br>Telephone: (720) 213-0675<br>Facsimile: (303) 927-0809 |
|   | *Attorneys for Plaintiff and the Class* |
| Dated: October 20, 2020 | **MERCHANT INDUSTRY, LLC**, |
|   | By: */s/ Karl S. Kronenberger*<br>       One of Defendant's Attorneys |
|   | Karl Stephen Kronenberger<br>Kronenberger Rosenfeld, LLP<br>150 Post Street<br>Suite 520<br>San Francisco, CA 94108<br>415-955-1155<br>Fax: 415-955-1158<br>Email: karl@KRInternetlaw.com |
|   | *Attorneys for Defendant* |

### SIGNATURE CERTIFICATION

Pursuant to Civil L.R. 5-1(i)(3) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to counsel for Defendant and that I have obtained authorization to affix his or her electronic signature to this document.

By: */s/ Taylor T. Smith*
    Taylor T. Smith

8

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on October 20, 2020.

<u>/s/ Taylor T. Smith</u>