Steven L. Weinstein
steveattorney@comcast.net
P.O. Box 27414
Oakland, CA 94602
Tel: (510) 336-2181

Patrick H. Peluso
ppeluso@woodrowpeluso.com*
Taylor T. Smith
tsmith@woodrowpeluso.com*
**WOODROW & PELUSO, LLC**
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Pro Hac Vice*

*Attorneys for Plaintiff and the Classes*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| **ABANTE ROOTER and PLUMBING, INC.**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**UNLOCKED BUSINESS STRATEGIES, INC.** a New York corporation, **THOMAS R. COSTA**, an individual, and **MERCHANT INDUSTRY, LLC d/b/a SWIPE4FREE**, a New York limited liability company,<br><br>Defendants. | Case No. 4:19-cv-07966-JST<br><br>**STIPULATION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING REGARDING PLAINTIFF'S REQUEST TO CONDUCT JURISDICTIONAL DISCOVERY**<br><br>Judge: Hon. Jon S. Tigar<br>Courtroom: 6, 2nd Floor |

Plaintiff Abante Rooter and Plumbing, Inc. ("Plaintiff" or "Abante") and Defendant Merchant Industry, LLC d/b/a Swipe4Free ("Defendant" or "Merchant Industry"), by and through their respective counsel, hereby stipulate as follows:

1. On September 18, 2020, Defendant Merchant Industry filed its Motion to Dismiss

1. pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(2) (the "Motion"). (Dkt. 50.)

2. On October 9, 2020, Plaintiff filed its response in opposition (dkt. 53), which also requested leave to conduct jurisdictional discovery.

3. Merchant Industry filed its reply on October 16, 2020. (Dkt. 54.)

4. On December 18, 2020, at 2:00 p.m., counsel for both parties appeared, via Zoom videoconference, for a hearing on the Motion.

5. The decision to grant a party leave to file a supplemental brief is within the Court's discretion. *See Rischer v. Banlavoura I, Inc.*, No. CV963886SJORNBX, 2011 WL 13268007, at *3 (C.D. Cal. Apr. 4, 2011) ("Allowance or denial of leave to file a supplemental brief is addressed to the sound discretion of the District Court.").

6. Here, Plaintiff requests leave to file a supplemental brief (attached hereto as Ex. 1) to raise newly discovered facts in support of its request for jurisdictional discovery. If the Court grants Plaintiff's request, Merchant Industry requests leave to file a response to Plaintiff's supplemental brief within seven (7) days following the Court's granting of this stipulation.

7. In its motion and at the hearing, Merchant Industry has continued to assert that no contract or agency relationship exists between itself and the other defendants sufficient to establish personal jurisdiction, and that the other defendants had no authorization whatsoever to act on behalf of Merchant Industry. Merchant Industry has maintained that any purported agency relationship between UBS and itself is unauthorized and that it did not authorize UBS to use its marketing materials, some of which UBS and/or Costa created themselves.

8. On December 11, 2020, Plaintiff issued a subpoena to produce documents and information directed to MLL Marketing, Inc. ("MLL"), which had been identified by counsel for Defendants Unlocked Business Strategies, Inc. ("UBS") and Thomas Costa ("Costa") as having had a direct agreement with Merchant Industry.

9. On January 15, 2021, MLL responded to Plaintiff's subpoena for documents and produced a series of emails, drafts of contracts, Merchant Industry marketing materials, and other

documents.

10. Plaintiff asserts that the documents produced reveal that, contrary to Merchant Industry's repeated representation, a legal relationship between Merchant Industry, Thomas Costa, UBS, and other their third parties, including MLL, Gurland Corp., and Leonid Levit indeed existed. Indeed, Plaintiff asserts that the materials show that Merchant Industry has had repeated communications with Thomas Costa and UBS. Moreover, and contrary to Merchant Industry's assertions, Plaintiff asserts that it appears likely that marketing materials that were used to solicit Plaintiff came directly from Merchant Industry. While no written contract has yet to be produced or identified in discovery, Plaintiff asserts that the draft, unsigned agreement, based on the emails produced in response to subpoena, further evidences a relationship between Merchant Industry and UBS.

11. Merchant Industry asserts that the evidence produced in response to multiple subpoenas proves the point made by Merchant Industry in legal briefing and at oral argument: there is no legal relationship between Merchant Industry and any Defendant or agent of any Defendant. There was never the requisite acceptance for the formation of a contract; there was only an abandoned draft agreement. The actions of UBS and Costa were unauthorized and tantamount to trademark infringement.

12. Plaintiff asserts that these newly discovered facts provide additional support to Plaintiff's request for leave to conduct jurisdictional discovery. Therefore, Plaintiff respectfully requests that the Court grant this stipulation and permit Plaintiff to file the supplemental brief attached hereto as Exhibit 1. Merchant Industry asserts that further briefing will be a waste of time, and in fact the newly discovered facts actually provide further evidence that there is not and never was any contract between Merchant Industry and any Defendant or agent of any Defendant. However, if the Court grants the Plaintiff permission to file a supplemental brief, then Merchant Industry should also have an opportunity for further briefing.

13. Thus, if the Court grants Plaintiff's request, Merchant Industry requests leave to

file a response to Plaintiff's supplemental brief within seven days of the Court's decision to grant this stipulation.

     NOW THEREFORE, IT IS HEREBY STIPULATED by and between Plaintiff and Defendant, through their respective counsel and subject to approval of this Court, that:

1. Plaintiff shall be permitted to file its supplemental brief (attached hereto as Ex. 1); and
2. Defendant shall file a response to Plaintiff's supplemental brief within seven (7) days of the Court's granting of this stipulation.

     For the foregoing reasons, the Parties respectfully request that the Court grant this stipulation.

Date: January 27, 2021

**ABANTE ROOTER AND PLUMBING, INC.**, individually and on behalf of all others similarly situated,

/s/ Taylor T. Smith
One of Plaintiff's Attorneys

Steven L. Weinstein
steveattorney@comcast.net
P.O. Box 27414
Oakland, CA 94602
Tel: (510) 336-2181

Patrick H. Peluso
ppeluso@woodrowpeluso.com*
Taylor T. Smith
tsmith@woodrowpeluso.com*
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Attorneys for Plaintiff and the Class*

Dated: January 27, 2021

**MERCHANT INDUSTRY, LLC**,

STIPULATION REGARDING
SUPPLEMENTAL BRIEFING

4

By: /s/ Karl S. Kronenberger
      One of Defendant's Attorneys

Karl Stephen Kronenberger
Kronenberger Rosenfeld, LLP
150 Post Street
Suite 520
San Francisco, CA 94108
415-955-1155
Fax: 415-955-1158
Email: karl@KRInternetlaw.com

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on January 27, 2021.

/s/ Taylor T. Smith