Steven L. Weinstein
steveattorney@comcast.net
P.O. Box 27414
Oakland, CA 94602
Tel: (510) 336-2181

Patrick H. Peluso
ppeluso@woodrowpeluso.com*
Taylor T. Smith
tsmith@woodrowpeluso.com*
**WOODROW & PELUSO, LLC**
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0676
Facsimile: (303) 927-0809

*Pro Hac Vice*

*Attorneys for Plaintiff and the Classes*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| **ABANTE ROOTER AND PLUMBING, INC.,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**UNLOCKED BUSINESS STRATEGIES, INC.** a New York corporation, **THOMAS R. COSTA**, an individual, and **MERCHANT INDUSTRY, LLC d/b/a SWIPE4FREE**, a New York limited liability company,<br><br>Defendants. | Case No. 4:19-cv-07966-JST<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS REQUEST FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY**<br><br>Hearing: December 18, 2020<br>Time: 2:00 p.m.<br>Judge: Hon. Jon S. Tigar<br>Courtroom: 6, 2nd Floor |

Defendant Merchant Industry, LLC ("Merchant Industry") has moved to dismiss this action—which alleges wide-spread violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*—claiming that the Court lacks jurisdiction. In support, Merchant Industry has asserted that the actions of co-Defendants Unlocked Business Strategies, Inc. ("UBS") and

Thomas R. Costa ("Costa") cannot be attributed to it for jurisdictional purposes. This is so, according to Merchant Industry, because it has no relationship with UBS or Costa and lacks knowledge of any relationship between UBS or Costa and any of its authorized resellers or affiliates. Newly discovered information produced in response to a subpoena issued to non-party MLL Marketing, Inc. ("MLL"), however, casts serious doubt on these assertions. Indeed, MLL has produced a series of emails, marketing materials, and drafts of Merchant Industry contracts—all of which reveal a relationship between Merchant Industry, UBS, Costa, and MLL. Plaintiff files this supplemental brief to highlight these newly-discovered facts, which support Plaintiff's request for leave to conduct jurisdictional discovery.

*First*, MLL produced emails evidencing negotiations between Merchant Industry, MLL, and Costa of an Independent Sales Contractor Agreement. On July 25, 2019, Leonid Levit of MLL sent Costa and others proposed edits to a Merchant Industry independent sales contractor agreement. (*See* July 25, 2019 email, a true and accurate copy of which is attached hereto as Ex. A; *see also* Redlined Merchant Industry Agreement, a true and accurate copy of which is attached hereto as Ex. B.) On July 30, 2019, Ramon Toribio of Merchant Industry sent an email to Defendant Costa, which appeared to memorialize Merchant Industry's positions with respect to the proposed edits. (*See* July 30, 2019 Email, a true and accurate copy is attached hereto as Ex. C.) Mr. Toribio's July 30, 2019 email corresponds directly to the Redlined Merchant Industry Agreement. (*Compare* Ex. B, *with* Ex. C.) On August 2, 2019, Andrea Lopez of Merchant Industry sent a Docusign link for MLL to sign an agreement. (*See* August 2, 2019 Email, a true and accurate copy of which is attached hereto as Ex. D.) Shortly thereafter, Mr. Levit responded by stating that "Everything is signed . . ." (*See id.*)

Plaintiff's counsel raised the possibility that a third-party lead generator may have formed the basis of a relationship between Merchant Industry and UBS in both its opposition (dkt. 53 at pg. 12) and at the hearing. These materials indicate that was likely the case. Further discovery is necessary to understand the particular relationship between Merchant Industry, MLL, Costa, and

1  UBS. The point here is that contrary to Merchant Industry's repeated representations, the facts
2  indicate that *some* relationship existed between the Defendants named in this lawsuit.
3       *Second*, on August 8, 2019, Defendant Costa sent an email to Glenn Mondry, Merchant
4  Industry's V.P. of Business Development, and Ramon Toribio, an Executive Vice President of
5  Merchant Industry, requesting marketing materials. (*See* August 8, 2019 Email, a true and
6  accurate of which is attached hereto as Ex. E.) In response, Mr. Mondry responded by providing
7  Costa with a Google Drive link titled "ISO Welcome Packet" and attached additional marketing
8  materials. (*See id*.) Mr. Mondry also provided an attachment titled "TOP10_Email" (a true an
9  accurate copy of which is attached hereto as Ex. F). And a review of the Google Drive documents
10 revealed a document titled "Swipe4Free Merchant Tri-Fold". (*See* Merchant Industry Tri-Fold, a
11 true and accurate copy of which is attached hereto as Ex. G.)
12      These are the very same documents that were used to solicit Plaintiff to purchase
13 Merchant Industry's products and services. (*Compare* Exs. F and G, *with* Dkt. 53-1, Ex. 2.) In its
14 reply, Merchant Industry rejected the notion that it provided marketing materials, claiming the
15 brochures were "publicly available" and speculating that UBS may have "cobble[d] together" its
16 own materials. (Dkt. 54 at 3-4.) The newly discovered documents, however, cast serious doubt on
17 the veracity of such assertions. Indeed, it now appears that it was Merchant Industry itself that
18 provided the marketing materials that were used to solicit Plaintiff.
19      *Third*, on August 6, 2019, Leonid Levit of MLL sent an email to Costa and others
20 requesting that they create logins in a client relationship management system ("CRM") for a list
21 of individuals in addition to two administrative logins for emails associated with Gurland Corp.[1]
22 (*See* August 6, 2019 Email, a true and accurate copy of which is attached hereto as Ex. H.) In
23 response, Costa, using his "unlockedbiz.com" email account, forwarded the email to Merchant
24 Industry to ask where the request should be directed. (*See id*.) Mr. Mondry of Merchant Industry

---

[1] Counsel for UBS and Costa identified Gurland Corp. as the call center that was hired to place calls to solicit sales of Merchant Industry products and services.

PLAINTIFF'S SUPPLEMENTAL BRIEF            3

responded directly to Mr. Levit stating:

> We are getting ready to enter the list of emails below to create logins for them. The DocuSign that was sent to you has not been fully completed yet. We need a copy of a voided check and we can then create a profile that will allow us to enter and create the logins within the CRM System. We can have these emails entered with logins created within 24 hours after the profile is complete.

(*See id.*) Thus, it appears that Merchant Industry agreed to create logins on its systems for a list of individuals associated with Gurland, MLL, Costa, and UBS. This is further indicative of a business relationship between MLL, Merchant Industry, Costa, and UBS.

Taken together, the information supplied by MLL reveals a relationship between Merchant Industry, Costa, UBS, MLL, and Gurland Corp. Indeed, MLL has produced evidence of a sales agreement with Merchant Industry, and it was Defendant Costa who apparently negotiated the terms of this agreement with Merchant Industry. Moreover, Merchant Industry assisted Costa, UBS, and MLL by providing trainings, marketing materials, and other documents. These same marketing materials were ultimately utilized to solicit Plaintiff following the calls at issue in this case. Merchant Industry has a credibility problem insofar as it has maintained the opposite.

Plaintiff is just scratching the surface and further discovery is necessary to understand the relationship between the Parties. The recently produced information reveals a relationship among the existing defendants, which further supports the proposition that jurisdictional discovery is necessary here. *See Calix Networks, Inc. v. Wi-Lan, Inc.*, No. C-09-06038-CRB DMR, 2010 WL 3515759, at *3 (N.D. Cal. Sept. 8, 2010) ("Indeed, it may be an abuse of discretion for a court to deny jurisdictional discovery where such discovery 'might well demonstrate' jurisdictionally relevant facts and the plaintiff is denied the opportunity to develop the jurisdictional record." (collecting cases)).

Because the newly discovered information identifies, among other things, a relationship between Merchant Industry and Costa and UBS, the Court should grant Plaintiff leave to conduct jurisdictional discovery.

Respectfully submitted,

Dated: February 1, 2021

**ABANTE ROOTER AND PLUMBING, INC.**, individually and on behalf of all others similarly situated,

/s/ Taylor T. Smith
One of Plaintiff's Attorneys

Steven L. Weinstein
steveattorney@comcast.net
P.O. Box 27414
Oakland, CA 94602
Tel: (510) 336-2181

Patrick H. Peluso
ppeluso@woodrowpeluso.com*
Taylor T. Smith
tsmith@woodrowpeluso.com*
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0676
Facsimile: (303) 927-0809

*Counsel for Plaintiff and the Putative Class*

*pro hac vice admission

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 1, 2021, I served a true and accurate copy of the foregoing documents on all counsel of record by filing the papers with the Court using the Court's electronic filing system.

          /s/ Taylor T. Smith