1

**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)

2
Jeffrey M. Rosenfeld (Bar No. 222187)
150 Post Street, Suite 520

3
San Francisco, CA 94108

4
Telephone: (415) 955-1155
Facsimile: (415) 955-1158

5
karl@KRInternetLaw.com
jeff@KRInternetLaw.com

6

7
Attorneys for Defendant Merchant Industry LLC

8

9

10

11

12
**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

13

14

15
**ABANTE ROOTER AND PLUMBING, INC.**, a California corporation, individually and on behalf of all others similarly situated,

16

17
            Plaintiff,

18
      v.

19
**UNLOCKED BUSINESS STRATEGIES, INC.**, et al.,

20

21
            Defendants.

22

23

Case No. 4:19-cv-07966-JST

**DECLARATION OF KARL S. KRONENBERGER IN SUPPORT OF DEFENDANT MERCHANT INDUSTRY LLC'S SUPPLEMENTAL BRIEF OPPOSING PLAINTIFF'S REQUEST FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY**

Date:       In Chambers
Time:       In Chambers
Before:    The Hon. Jon S. Tigar
Ctrm:      6, 2nd Flr.

24

25

26

27

28

1    I, Karl S. Kronenberger, declare as follows:

2         1.      I am a partner of the law firm of Kronenberger Rosenfeld, LLP, counsel of

3    record for Defendant Merchant Industry LLC. Unless otherwise stated, I have personal

4    knowledge of the matters set forth herein.

5         2.      Attached hereto as **Exhibit A** is a true and correct copy of Plaintiff's

6    Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of

7    Premises in a Civil Action to MLL Marketing, Inc.

8         3.      Attached hereto as **Exhibit B** is a true and correct copy of Plaintiff's

9    Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of

10   Premises in a Civil Action to Leonid Levit.

11        4.      Attached hereto as **Exhibit C** is a true and correct copy of Plaintiff's

12   Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of

13   Premises in a Civil Action to Gurland, Inc.

14

15        I declare under penalty of perjury under the laws of the United States of America

16   that the foregoing is true and correct and that this Declaration was executed on February

17   8, 2021 in San Francisco, California.

18

19                                        ____s/ Karl S. Kronenberger_____

20                                             Karl S. Kronenberger

21

22

23

24

25

26

27

28

Exhibit A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California ▾

| | |
|---|---|
| Abante Rooter and Plumbing Inc. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 4:19-cv-07966-JST |
| Unlocked Business Strategies, Inc., Thomas R. Costa, and Merchant Industry, LLC | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

MLL Marketing, Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Addendum A.

| Place: A mutually agreeable location, or tsmith@woodrowpeluso.com | Date and Time: 1/8/2021 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/11/2020

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Taylor T. Smith |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* ___Plaintiff___
Abante Rooter and Plumbing, Inc. _____ , who issues or requests this subpoena, are:
Taylor T. Smith, Woodrow & Peluso, LLC, 3900 E. Mexico Ave., Suite 300, Denver, CO 80210: Tel: 720-907-7628; Email: tsmith@woodrowpeluso.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:19-cv-07966-JST

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ADDENDUM A TO SUBPOENA TO PRODUCE DOCUMENTS
## TO MLL MARKETING, INC.

Please produce the following documents for inspection and copying on or before January 8, 2021. To the extent that YOU object to any of the below requests on the basis of YOU must provide a privilege log and produce any and all non-privileged documents. Defined terms need not be capitalized to retain their defined meanings.

1.   All DOCUMENTS sufficient to IDENTIFY YOUR complete relationship with MERCHANT INDUSTRY, including all contracts, agreements, and communications between YOU and MERCHANT INDUSTRY.

2.   All DOCUMENTS sufficient to IDENTIFY YOUR complete relationship with UBS, including all contracts, agreements, and communications between YOU and UBS.

3.   All DOCUMENTS sufficient to IDENTIFY YOUR complete relationship with COSTA, including all contracts, agreements, and communications between YOU and COSTA.

4.   All DOCUMENTS sufficient to IDENTIFY YOUR complete relationship with GURLAND, including all contracts, agreements, and communications between YOU and GURLAND.

5.   All DOCUMENTS sufficient to IDENTIFY the manner by which YOU claim prior express consent was obtained to place telemarketing calls on behalf of or for the benefit of MERCHANT INDUSTRY (or a telemarketing call that could have resulted in the sale of any MERCHANT INDUSTRY product or service) to PLAINTIFF, including all DOCUMENTS sufficient to IDENTIFY all CONSENT LANGUAGE or other disclosures used.

6.   All DOCUMENTS sufficient to IDENTIFY all PERSONS who provided prior express consent to be called during the RELEVANT TIME PERIOD by YOU on behalf of or for the benefit of MERCHANT INDUSTRY (or a telemarketing call that could have resulted in the sale of any MERCHANT INDUSTRY product or service) in the same manner that PLAINTIFF allegedly provided prior express consent to be called.

7.   All DOCUMENTS sufficient to IDENTIFY all PERSONS, and the total number of such PERSONS, that YOU (or any third party acting on YOUR behalf or for YOUR benefit) called on behalf of or for the benefit of MERCHANT INDUSTRY (or a telemarketing call that could have resulted in the sale of any MERCHANT INDUSTRY product or service) on their cellular telephone during the RELEVANT TIME PERIOD where the PERSONS provided prior express consent in the same manner that YOU claim PLAINTIFF provided any such consent.

8.      All DOCUMENTS sufficient to IDENTIFY the total number of calls, and the date, time, and duration of each call, made to each PERSON identified in DOCUMENTS produced in response to Request Number 7 above.

9.      All DOCUMENTS sufficient to IDENTIFY the manner by which YOU claim prior express consent was obtained to place telemarketing calls on behalf of or for the benefit of UBS (or a telemarketing call that could have resulted in the sale of any UBS product or service) to PLAINTIFF, including all DOCUMENTS sufficient to IDENTIFY all CONSENT LANGUAGE or other disclosures used.

10.     All DOCUMENTS sufficient to IDENTIFY all PERSONS who provided prior express consent to be called during the RELEVANT TIME PERIOD by YOU on behalf of or for the benefit of UBS (or a telemarketing call that could have resulted in the sale of any UBS product or service) in the same manner that PLAINTIFF allegedly provided prior express consent to be called.

11.     All DOCUMENTS sufficient to IDENTIFY all PERSONS, and the total number of such PERSONS, that YOU (or any third party acting on YOUR behalf or for YOUR benefit) called on behalf of or for the benefit of UBS (or a telemarketing call that could have resulted in the sale of any UBS product or service) on their cellular telephone during the RELEVANT TIME PERIOD where the PERSONS provided prior express consent in the same manner that YOU claim PLAINTIFF provided any such consent.

12.     All DOCUMENTS sufficient to IDENTIFY the total number of calls, and the date, time, and duration of each call, made to each PERSON identified in DOCUMENTS produced in response to Request Number 11 above.

13.     All DOCUMENTS sufficient to IDENTIFY the DIALING EQUIPMENT utilized to place calls to PLAINTIFF and PERSONS who provided prior express consent in the same manner as Plaintiff during the RELEVANT TIME PERIOD.

14.     All DOCUMENTS in YOUR possession that mention PLAINTIFF.

15.     All DOCUMENTS sufficient to IDENTIFY any and all telephone numbers utilized by YOU to place calls to PLAINTIFF.

16.     All DOCUMENTS sufficient to IDENTIFY any third parties that YOU entered into an agreement with to place telemarketing calls on YOUR behalf during the RELEVANT TIME PERIOD.

17.     All DOCUMENTS sufficient to IDENTIFY any and all steps YOU have caused to be taken to comply with the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and its implementing regulations, 47 C.F.R. § 64.1200, *et seq.*, including any policies and procedures and the training of employees.

18.     All DOCUMENTS sufficient to IDENTIFY any and all involvement of MERCHANT INDUSTRY in YOUR telemarketing activities or oversight or control that MERCHANT INDUSTRY possesses over YOUR telemarketing activities conducted on behalf of or for the benefit of MERCHANT INDUSTRY (or a telemarketing call that could have resulted in the sale of any MERCHANT INDUSTRY product or service), including all related contracts and communications.

19.     All DOCUMENTS sufficient to IDENTIFY any and all involvement of UBS in YOUR telemarketing activities or oversight or control that UBS possesses over YOUR telemarketing activities conducted on behalf of or for the benefit of UBS (or a telemarketing call that could have resulted in the sale of any UBS product or service), including all related contracts and communications.

20.     All DOCUMENTS sufficient to IDENTIFY any and all communications between YOU on the one hand, and one or more of the of the following, MERCHANT INDUSTRY, UBS, COSTA, or GURLAND, on the other hand, regarding PLAINTIFF, this lawsuit, or the underlying allegations set forth in the Complaint.

## DEFINITIONS

1.  "CONSENT LANGUAGE" means and refers to all words, language, websites, images, terms, or disclosures that were shown, disclosed, or made viewable or available by YOU (or any person acting on YOUR behalf, for YOUR benefit, or in accordance with any agreement with YOU) to any consumer, including any disclosures located on or via any website, webpage, hyperlink, writing, or DOCUMENT, for the purpose of providing YOU with prior express consent to call the consumer's cellphone as required by the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

2.  "COSTA" means and refers to the Defendants in the case, Thomas Costa, a natural person and resident of New York. Defendant Costa is the Chief Executive Officer of Defendant UBS.

3.  "DIALING EQUIPMENT" means and refers to any equipment, including telemarketing systems and/or computers or computer systems used to make the telephone calls and/or text messages in this case, including dialing equipment known as a "predictive dialer" or "autodialer." The definition also includes dialing technology that plays a pre-recorded voice or message. The definition also includes all associated hardware, software, coding, and databases (including language, rules, fields, and schema).

4.  "DOCUMENTS" means and refers to writings, contracts, manuals, papers, drawings, graphs, diagrams, maps, audits and audit results, records, reports, investigations, charts, studies, photographs, sound recordings, images, computer programs, letters, ESI, emails, text messages, contracts, spreadsheets, agreements, data, databases, and any and all other data or data compilations, including without limitation all ESI, Excel files, screen shots, proof of backups, data or other reporting data—stored in any medium from which information can be obtained.

5. "GURLAND" means and refers to Gurland, Inc. a Delaware corporation with its principal place of business located at 704 N. King St., Suite 500, Wilmington, Delaware 19801, and any of its present or former directors, managers, employees, agents, corporate parents, subsidiaries, divisions, subdivisions, affiliates, predecessors, successors, or joint ventures or anyone acting on behalf of any of them.

6. "IDENTIFY" shall mean the following:

   A.    When referring to a person, it means to give the person's full name, present address or last known address, additional phone number, and email address, and the name of the registered business associated, owned, or operated, in any capacity by any such person.

   B.    When referring to an entity, it means to give the entity's full name, contact telephone number, and email address, and any name that the entity purports to do business as (d/b/a name), and the type of entity that the business is registered as, including but not limited to business, corporation, limited liability company, professional association, and limited liability partnership.

7. "MERCHANT INDUSTRY" means and refers to the Defendants in the case, Merchant Industry, LLC d/b/a Swipe4Free, a New York limited liability company, whose principal place of business is located at 3636 33rd Street, Suite 306, Long Island City, NY 11106, including all of its divisions, subsidiaries, related companies, predecessors and successors, and all of its owners, directors, managers, agents, attorneys, affiliates, subsidiaries, employees, contractors, partners, and joint ventures.

8. "PERSON" means any natural person or any business, legal, quasi-governmental or governmental entity or association.

9. "PLAINTIFF" means the Plaintiff in this action, Abante Rooter and Plumbing, Inc., and any subsequent PERSONS added as plaintiffs to the Complaint or any subsequent or amended complaint.

10. "RELEVANT TIME PERIOD" means and refers to the time from December 4, 2015 to the present.

11. "UBS" means and refers to the Defendants in the case, Unlocked Business Strategies, Inc., a New York corporation, whose official address is 32 Crane Neck Road, East Setauket, New York, 11733, and whose corporate headquarters is located at 1211 Stewart Ave, Bethpage, NY 11714, including all of its divisions, subsidiaries, related companies, predecessors and successors, and all of its owners, directors, managers, agents, attorneys, affiliates, subsidiaries, employees, contractors, partners, and joint ventures.

12. "YOU," or "YOUR," or "MLL" means and refers to MLL Marketing, Inc., a New York corporation, whose principal place of business is located at 3029 Brighton 12th Street, A6, Brooklyn, New York 11235, including all of its divisions, subsidiaries, related

companies, predecessors and successors, and all of its owners, directors, managers, agents, attorneys, affiliates, subsidiaries, employees, contractors, partners, and joint ventures.

Exhibit B

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California ▾

| | |
|---|---|
| Abante Rooter and Plumbing Inc. | ) |
| *Plaintiff* | ) |
| v. | ) |
| Unlocked Business Strategies, Inc., Thomas R.<br>Costa, and Merchant Industry, LLC | ) |
| | ) |
| *Defendant* | ) |

Civil Action No. 4:19-cv-07966-JST

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                      Leonid Levit

*(Name of person to whom this subpoena is directed)*

☛ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Addendum A.

| Place: A mutually agreeable location, or<br>tsmith@woodrowpeluso.com | Date and Time:<br>1/8/2021 5:00 pm |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     12/11/2020

*CLERK OF COURT*

OR

_____               /s/ Taylor T. Smith
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* ___Plaintiff___
Abante Rooter and Plumbing, Inc. _____, who issues or requests this subpoena, are:
Taylor T. Smith, Woodrow & Peluso, LLC, 3900 E. Mexico Ave., Suite 300, Denver, CO 80210: Tel: 720-907-7628;
Email: tsmith@woodrowpeluso.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:19-cv-07966-JST

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## <u>ADDENDUM A TO SUBPOENA TO PRODUCE DOCUMENTS</u>
## <u>TO LEONID LEVIT</u>

Please produce the following documents for inspection and copying on or before January 8, 2021. To the extent that YOU object to any of the below requests on the basis of YOU must provide a privilege log and produce any and all non-privileged documents. Defined terms need not be capitalized to retain their defined meanings.

1. All DOCUMENTS sufficient to IDENTIFY YOUR complete relationship with MERCHANT INDUSTRY, including all contracts, agreements, and communications between YOU and MERCHANT INDUSTRY.

2. All DOCUMENTS sufficient to IDENTIFY YOUR complete relationship with UBS, including all contracts, agreements, and communications between YOU and UBS.

3. All DOCUMENTS sufficient to IDENTIFY YOUR complete relationship with COSTA, including all contracts, agreements, and communications between YOU and COSTA.

4. All DOCUMENTS sufficient to IDENTIFY YOUR complete relationship with GURLAND, including all contracts, agreements, and communications between YOU and GURLAND.

5. All DOCUMENTS sufficient to IDENTIFY the manner by which YOU claim prior express consent was obtained to place telemarketing calls on behalf of or for the benefit of MERCHANT INDUSTRY (or a telemarketing call that could have resulted in the sale of any MERCHANT INDUSTRY product or service) to PLAINTIFF, including all DOCUMENTS sufficient to IDENTIFY all CONSENT LANGUAGE or other disclosures used.

6. All DOCUMENTS sufficient to IDENTIFY all PERSONS who provided prior express consent to be called during the RELEVANT TIME PERIOD by YOU on behalf of or for the benefit of MERCHANT INDUSTRY (or a telemarketing call that could have resulted in the sale of any MERCHANT INDUSTRY product or service) in the same manner that PLAINTIFF allegedly provided prior express consent to be called.

7. All DOCUMENTS sufficient to IDENTIFY all PERSONS, and the total number of such PERSONS, that YOU (or any third party acting on YOUR behalf or for YOUR benefit) called on behalf of or for the benefit of MERCHANT INDUSTRY (or a telemarketing call that could have resulted in the sale of any MERCHANT INDUSTRY product or service) on their cellular telephone during the RELEVANT TIME PERIOD where the PERSONS provided prior express consent in the same manner that YOU claim PLAINTIFF provided any such consent.

8.      All DOCUMENTS sufficient to IDENTIFY the total number of calls, and the date, time, and duration of each call, made to each PERSON identified in DOCUMENTS produced in response to Request Number 7 above.

9.      All DOCUMENTS sufficient to IDENTIFY the manner by which YOU claim prior express consent was obtained to place telemarketing calls on behalf of or for the benefit of UBS (or a telemarketing call that could have resulted in the sale of any UBS product or service) to PLAINTIFF, including all DOCUMENTS sufficient to IDENTIFY all CONSENT LANGUAGE or other disclosures used.

10.     All DOCUMENTS sufficient to IDENTIFY all PERSONS who provided prior express consent to be called during the RELEVANT TIME PERIOD by YOU on behalf of or for the benefit of UBS (or a telemarketing call that could have resulted in the sale of any UBS product or service) in the same manner that PLAINTIFF allegedly provided prior express consent to be called.

11.     All DOCUMENTS sufficient to IDENTIFY all PERSONS, and the total number of such PERSONS, that YOU (or any third party acting on YOUR behalf or for YOUR benefit) called on behalf of or for the benefit of UBS (or a telemarketing call that could have resulted in the sale of any UBS product or service) on their cellular telephone during the RELEVANT TIME PERIOD where the PERSONS provided prior express consent in the same manner that YOU claim PLAINTIFF provided any such consent.

12.     All DOCUMENTS sufficient to IDENTIFY the total number of calls, and the date, time, and duration of each call, made to each PERSON identified in DOCUMENTS produced in response to Request Number 11 above.

13.     All DOCUMENTS sufficient to IDENTIFY the DIALING EQUIPMENT utilized to place calls to PLAINTIFF and PERSONS who provided prior express consent in the same manner as Plaintiff during the RELEVANT TIME PERIOD.

14.     All DOCUMENTS in YOUR possession that mention PLAINTIFF.

15.     All DOCUMENTS sufficient to IDENTIFY any and all telephone numbers utilized by YOU to place calls to PLAINTIFF.

16.     All DOCUMENTS sufficient to IDENTIFY any third parties that YOU entered into an agreement with to place telemarketing calls on YOUR behalf during the RELEVANT TIME PERIOD.

17.     All DOCUMENTS sufficient to IDENTIFY any and all steps YOU have caused to be taken to comply with the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and its implementing regulations, 47 C.F.R. § 64.1200, *et seq.*, including any policies and procedures and the training of employees.

18.     All DOCUMENTS sufficient to IDENTIFY any and all involvement of MERCHANT INDUSTRY in YOUR telemarketing activities or oversight or control that MERCHANT INDUSTRY possesses over YOUR telemarketing activities conducted on behalf of or for the benefit of MERCHANT INDUSTRY (or a telemarketing call that could have resulted in the sale of any MERCHANT INDUSTRY product or service), including all related contracts and communications.

19.     All DOCUMENTS sufficient to IDENTIFY any and all involvement of UBS in YOUR telemarketing activities or oversight or control that UBS possesses over YOUR telemarketing activities conducted on behalf of or for the benefit of UBS (or a telemarketing call that could have resulted in the sale of any UBS product or service), including all related contracts and communications.

20.     All DOCUMENTS sufficient to IDENTIFY any and all communications between YOU on the one hand, and one or more of the of the following, MERCHANT INDUSTRY, UBS, COSTA, or GURLAND, on the other hand, regarding PLAINTIFF, this lawsuit, or the underlying allegations set forth in the Complaint.

## DEFINITIONS

1.  "CONSENT LANGUAGE" means and refers to all words, language, websites, images, terms, or disclosures that were shown, disclosed, or made viewable or available by YOU (or any person acting on YOUR behalf, for YOUR benefit, or in accordance with any agreement with YOU) to any consumer, including any disclosures located on or via any website, webpage, hyperlink, writing, or DOCUMENT, for the purpose of providing YOU with prior express consent to call the consumer's cellphone as required by the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

2.  "COSTA" means and refers to the Defendants in the case, Thomas Costa, a natural person and resident of New York. Defendant Costa is the Chief Executive Officer of Defendant UBS.

3.  "DIALING EQUIPMENT" means and refers to any equipment, including telemarketing systems and/or computers or computer systems used to make the telephone calls and/or text messages in this case, including dialing equipment known as a "predictive dialer" or "autodialer." The definition also includes dialing technology that plays a pre-recorded voice or message. The definition also includes all associated hardware, software, coding, and databases (including language, rules, fields, and schema).

4.  "DOCUMENTS" means and refers to writings, contracts, manuals, papers, drawings, graphs, diagrams, maps, audits and audit results, records, reports, investigations, charts, studies, photographs, sound recordings, images, computer programs, letters, ESI, emails, text messages, contracts, spreadsheets, agreements, data, databases, and any and all other data or data compilations, including without limitation all ESI, Excel files, screen shots, proof of backups, data or other reporting data—stored in any medium from which information can be obtained.

5. "GURLAND" means and refers to Gurland, Inc. a Delaware corporation with its principal place of business located at 704 N. King St., Suite 500, Wilmington, Delaware 19801, and any of its present or former directors, managers, employees, agents, corporate parents, subsidiaries, divisions, subdivisions, affiliates, predecessors, successors, or joint ventures or anyone acting on behalf of any of them.

6. "IDENTIFY" shall mean the following:

   A.    When referring to a person, it means to give the person's full name, present address or last known address, additional phone number, and email address, and the name of the registered business associated, owned, or operated, in any capacity by any such person.

   B.    When referring to an entity, it means to give the entity's full name, contact telephone number, and email address, and any name that the entity purports to do business as (d/b/a name), and the type of entity that the business is registered as, including but not limited to business, corporation, limited liability company, professional association, and limited liability partnership.

7. "MERCHANT INDUSTRY" means and refers to the Defendants in the case, Merchant Industry, LLC d/b/a Swipe4Free, a New York limited liability company, whose principal place of business is located at 3636 33rd Street, Suite 306, Long Island City, NY 11106, including all of its divisions, subsidiaries, related companies, predecessors and successors, and all of its owners, directors, managers, agents, attorneys, affiliates, subsidiaries, employees, contractors, partners, and joint ventures.

8. "MLL" means and refers to MLL Marketing, Inc., a New York corporation, whose principal place of business is located at 3029 Brighton 12th Street, A6, Brooklyn, New York 11235, including all of its divisions, subsidiaries, related companies, predecessors and successors, and all of its owners, directors, managers, agents, attorneys, affiliates, subsidiaries, employees, contractors, partners, and joint ventures.

9. "PERSON" means any natural person or any business, legal, quasi-governmental or governmental entity or association.

10. "PLAINTIFF" means the Plaintiff in this action, Abante Rooter and Plumbing, Inc., and any subsequent PERSONS added as plaintiffs to the Complaint or any subsequent or amended complaint.

11. "RELEVANT TIME PERIOD" means and refers to the time from December 4, 2015 to the present.

12. "UBS" means and refers to the Defendants in the case, Unlocked Business Strategies, Inc., a New York corporation, whose official address is 32 Crane Neck Road, East Setauket, New York, 11733, and whose corporate headquarters is located at 1211 Stewart Ave, Bethpage, NY 11714, including all of its divisions, subsidiaries, related companies,

predecessors and successors, and all of its owners, directors, managers, agents, attorneys, affiliates, subsidiaries, employees, contractors, partners, and joint ventures.

13. "YOU," or "YOUR," or "LEVIT" means and refers to Leonid Levit, a natural person and resident of the State of New York. Mr. Levit is the registered agent of MLL.

Exhibit C

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California ▾

| | |
|---|---|
| Abante Rooter and Plumbing Inc. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 4:19-cv-07966-JST |
| Unlocked Business Strategies, Inc., Thomas R. Costa, and Merchant Industry, LLC | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                   Gurland, Inc.

*(Name of person to whom this subpoena is directed)*

☛ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

        See attached Addendum A.

| Place: A mutually agreeable location, or tsmith@woodrowpeluso.com | Date and Time: 1/8/2021 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    12/11/2020

|                       *CLERK OF COURT* | OR | |
|---|---|---|
| _____ | | /s/ Taylor T. Smith |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiff
Abante Rooter and Plumbing, Inc.                                        , who issues or requests this subpoena, are:
Taylor T. Smith, Woodrow & Peluso, LLC, 3900 E. Mexico Ave., Suite 300, Denver, CO 80210: Tel: 720-907-7628;
Email: tsmith@woodrowpeluso.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:19-cv-07966-JST

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## <u>ADDENDUM A TO SUBPOENA TO PRODUCE DOCUMENTS<br>TO GURLAND</u>

Please produce the following documents for inspection and copying on or before January 8, 2021. To the extent that YOU object to any of the below requests on the basis of YOU must provide a privilege log and produce any and all non-privileged documents. Defined terms need not be capitalized to retain their defined meanings.

1.    All DOCUMENTS sufficient to IDENTIFY YOUR complete relationship with MERCHANT INDUSTRY, including all contracts, agreements, and communications between YOU and MERCHANT INDUSTRY.

2.    All DOCUMENTS sufficient to IDENTIFY YOUR complete relationship with UBS, including all contracts, agreements, and communications between YOU and UBS.

3.    All DOCUMENTS sufficient to IDENTIFY YOUR complete relationship with COSTA, including all contracts, agreements, and communications between YOU and COSTA.

4.    All DOCUMENTS sufficient to IDENTIFY YOUR complete relationship with LEVIT, including all contracts, agreements, and communications between YOU and LEVIT.

5.    All DOCUMENTS sufficient to IDENTIFY the manner by which YOU claim prior express consent was obtained to place telemarketing calls on behalf of or for the benefit of MERCHANT INDUSTRY (or a telemarketing call that could have resulted in the sale of any MERCHANT INDUSTRY product or service) to PLAINTIFF, including all DOCUMENTS sufficient to IDENTIFY all CONSENT LANGUAGE or other disclosures used.

6.    All DOCUMENTS sufficient to IDENTIFY all PERSONS who provided prior express consent to be called during the RELEVANT TIME PERIOD by YOU on behalf of or for the benefit of MERCHANT INDUSTRY (or a telemarketing call that could have resulted in the sale of any MERCHANT INDUSTRY product or service) in the same manner that PLAINTIFF allegedly provided prior express consent to be called.

7.    All DOCUMENTS sufficient to IDENTIFY all PERSONS, and the total number of such PERSONS, that YOU (or any third party acting on YOUR behalf or for YOUR benefit) called on behalf of or for the benefit of MERCHANT INDUSTRY (or a telemarketing call that could have resulted in the sale of any MERCHANT INDUSTRY product or service) on their cellular telephone during the RELEVANT TIME PERIOD where the PERSONS provided prior express consent in the same manner that YOU claim PLAINTIFF provided any such consent.

8.      All DOCUMENTS sufficient to IDENTIFY the total number of calls, and the date, time, and duration of each call, made to each PERSON identified in DOCUMENTS produced in response to Request Number 7 above.

9.      All DOCUMENTS sufficient to IDENTIFY the manner by which YOU claim prior express consent was obtained to place telemarketing calls on behalf of or for the benefit of UBS (or a telemarketing call that could have resulted in the sale of any UBS product or service) to PLAINTIFF, including all DOCUMENTS sufficient to IDENTIFY all CONSENT LANGUAGE or other disclosures used.

10.     All DOCUMENTS sufficient to IDENTIFY all PERSONS who provided prior express consent to be called during the RELEVANT TIME PERIOD by YOU on behalf of or for the benefit of UBS (or a telemarketing call that could have resulted in the sale of any UBS product or service) in the same manner that PLAINTIFF allegedly provided prior express consent to be called.

11.     All DOCUMENTS sufficient to IDENTIFY all PERSONS, and the total number of such PERSONS, that YOU (or any third party acting on YOUR behalf or for YOUR benefit) called on behalf of or for the benefit of UBS (or a telemarketing call that could have resulted in the sale of any UBS product or service) on their cellular telephone during the RELEVANT TIME PERIOD where the PERSONS provided prior express consent in the same manner that YOU claim PLAINTIFF provided any such consent.

12.     All DOCUMENTS sufficient to IDENTIFY the total number of calls, and the date, time, and duration of each call, made to each PERSON identified in DOCUMENTS produced in response to Request Number 11 above.

13.     All DOCUMENTS sufficient to IDENTIFY the manner by which YOU claim prior express consent was obtained to place telemarketing calls on behalf of or for the benefit of MLL or LEVIT (or a telemarketing call that could have resulted in the sale of any MLL or LEVIT product or service) to PLAINTIFF, including all DOCUMENTS sufficient to IDENTIFY all CONSENT LANGUAGE or other disclosures used.

14.     All DOCUMENTS sufficient to IDENTIFY all PERSONS who provided prior express consent to be called during the RELEVANT TIME PERIOD by YOU on behalf of or for the benefit of MLL or LEVIT (or a telemarketing call that could have resulted in the sale of any MLL or LEVIT product or service) in the same manner that PLAINTIFF allegedly provided prior express consent to be called.

15.     All DOCUMENTS sufficient to IDENTIFY all PERSONS, and the total number of such PERSONS, that YOU (or any third party acting on YOUR behalf or for YOUR benefit) called on behalf of or for the benefit of MLL or LEVIT (or a telemarketing call that could have resulted in the sale of any MLL or LEVIT product or service) on their cellular telephone during the RELEVANT TIME PERIOD where the PERSONS

provided prior express consent in the same manner that YOU claim PLAINTIFF
provided any such consent.

16.     All DOCUMENTS sufficient to IDENTIFY the total number of calls, and the date,
        time, and duration of each call, made to each PERSON identified in DOCUMENTS
        produced in response to Request Number 15 above.

17.     All DOCUMENTS sufficient to IDENTIFY the DIALING EQUIPMENT utilized to
        place calls to PLAINTIFF and PERSONS who provided prior express consent in the
        same manner as Plaintiff during the RELEVANT TIME PERIOD.

18.     All DOCUMENTS in YOUR possession that mention PLAINTIFF.

19.     All DOCUMENTS sufficient to IDENTIFY any and all telephone numbers utilized
        by YOU to place calls to PLAINTIFF.

20.     All DOCUMENTS sufficient to IDENTIFY any third parties that YOU entered into
        an agreement with to place telemarketing calls on YOUR behalf during the
        RELEVANT TIME PERIOD.

21.     All DOCUMENTS sufficient to IDENTIFY any and all steps YOU have caused to be
        taken to comply with the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et
        seq.* ("TCPA") and its implementing regulations, 47 C.F.R. § 64.1200, *et seq.*,
        including any policies and procedures and the training of employees.

22.     All DOCUMENTS sufficient to IDENTIFY any and all involvement of MERCHANT
        INDUSTRY in YOUR telemarketing activities or oversight or control that
        MERCHANT INDUSTRY possesses over YOUR telemarketing activities conducted
        on behalf of or for the benefit of MERCHANT INDUSTRY (or a telemarketing call
        that could have resulted in the sale of any MERCHANT INDUSTRY product or
        service), including all related contracts and communications.

23.     All DOCUMENTS sufficient to IDENTIFY any and all involvement of UBS in
        YOUR telemarketing activities or oversight or control that UBS possesses over
        YOUR telemarketing activities conducted on behalf of or for the benefit of UBS (or a
        telemarketing call that could have resulted in the sale of any UBS product or service),
        including all related contracts and communications.

24.     All DOCUMENTS sufficient to IDENTIFY any and all involvement of UBS in
        YOUR telemarketing activities or oversight or control that MLL or LEVIT possesses
        over YOUR telemarketing activities conducted on behalf of or for the benefit of MLL
        or LEVIT (or a telemarketing call that could have resulted in the sale of any MLL or
        LEVIT product or service), including all related contracts and communications.

25.     All DOCUMENTS sufficient to IDENTIFY any and all communications between
        YOU on the one hand, and one or more of the of the following, MERCHANT

INDUSTRY, UBS, COSTA, MLL, or LEVIT, on the other hand, regarding PLAINTIFF, this lawsuit, or the underlying allegations set forth in the Complaint.

## DEFINITIONS

1. "CONSENT LANGUAGE" means and refers to all words, language, websites, images, terms, or disclosures that were shown, disclosed, or made viewable or available by YOU (or any person acting on YOUR behalf, for YOUR benefit, or in accordance with any agreement with YOU) to any consumer, including any disclosures located on or via any website, webpage, hyperlink, writing, or DOCUMENT, for the purpose of providing YOU with prior express consent to call the consumer's cellphone as required by the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

2. "COSTA" means and refers to the Defendants in the case, Thomas Costa, a natural person and resident of New York. Defendant Costa is the Chief Executive Officer of Defendant UBS.

3. "DIALING EQUIPMENT" means and refers to any equipment, including telemarketing systems and/or computers or computer systems used to make the telephone calls and/or text messages in this case, including dialing equipment known as a "predictive dialer" or "autodialer." The definition also includes dialing technology that plays a pre-recorded voice or message. The definition also includes all associated hardware, software, coding, and databases (including language, rules, fields, and schema).

4. "DOCUMENTS" means and refers to writings, contracts, manuals, papers, drawings, graphs, diagrams, maps, audits and audit results, records, reports, investigations, charts, studies, photographs, sound recordings, images, computer programs, letters, ESI, emails, text messages, contracts, spreadsheets, agreements, data, databases, and any and all other data or data compilations, including without limitation all ESI, Excel files, screen shots, proof of backups, data or other reporting data—stored in any medium from which information can be obtained.

5. "IDENTIFY" shall mean the following:

    A. When referring to a person, it means to give the person's full name, present address or last known address, additional phone number, and email address, and the name of the registered business associated, owned, or operated, in any capacity by any such person.

    B. When referring to an entity, it means to give the entity's full name, contact telephone number, and email address, and any name that the entity purports to do business as (d/b/a name), and the type of entity that the business is registered as, including but not limited to business, corporation, limited liability company, professional association, and limited liability partnership.

6. "LEVIT" means and refers to Leonid Levit, a natural person and resident of the State of

New York. Mr. Levit is the registered agent of MLL.

7. "MERCHANT INDUSTRY" means and refers to the Defendants in the case, Merchant Industry, LLC d/b/a Swipe4Free, a New York limited liability company, whose principal place of business is located at 3636 33rd Street, Suite 306, Long Island City, NY 11106, including all of its divisions, subsidiaries, related companies, predecessors and successors, and all of its owners, directors, managers, agents, attorneys, affiliates, subsidiaries, employees, contractors, partners, and joint ventures.

8. "MLL" means and refers to MLL Marketing, Inc., a New York corporation, whose principal place of business is located at 3029 Brighton 12th Street, A6, Brooklyn, New York 11235, including all of its divisions, subsidiaries, related companies, predecessors and successors, and all of its owners, directors, managers, agents, attorneys, affiliates, subsidiaries, employees, contractors, partners, and joint ventures.

9. "PERSON" means any natural person or any business, legal, quasi-governmental or governmental entity or association.

10. "PLAINTIFF" means the Plaintiff in this action, Abante Rooter and Plumbing, Inc., and any subsequent PERSONS added as plaintiffs to the Complaint or any subsequent or amended complaint.

11. "RELEVANT TIME PERIOD" means and refers to the time from December 4, 2015 to the present.

12. "UBS" means and refers to the Defendants in the case, Unlocked Business Strategies, Inc., a New York corporation, whose official address is 32 Crane Neck Road, East Setauket, New York, 11733, and whose corporate headquarters is located at 1211 Stewart Ave, Bethpage, NY 11714, including all of its divisions, subsidiaries, related companies, predecessors and successors, and all of its owners, directors, managers, agents, attorneys, affiliates, subsidiaries, employees, contractors, partners, and joint ventures.

13. "YOU," or "YOUR," or "GURLAND" means and refers to Gurland, Inc. a Delaware corporation with its principal place of business located at 704 N. King St., Suite 500, Wilmington, Delaware 19801, and any of its present or former directors, managers, employees, agents, corporate parents, subsidiaries, divisions, subdivisions, affiliates, predecessors, successors, or joint ventures or anyone acting on behalf of any of them.