UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABANTE ROOTER AND PLUMBING INC, <br><br> Plaintiff, <br><br> v. <br><br> UNLOCKED BUSINESS STRATEGIES, INC., et al., <br><br> Defendants. | Case No. 19-cv-07966-JST <br><br> **ORDER GRANTING LIMITED JURISDICTIONAL DISCOVERY AND STAYING MOTION TO DISMISS** <br><br> Re: ECF No. 50 |

Plaintiff Abante Rooter and Plumbing, Inc. brings this putative class action against Defendants for violation of the Telephone Consumer Protection Act ("TCPA"). Second Amended Complaint ("SAC"), ECF No. 25 ¶ 4. Moving Defendant Merchant Industry, LLC d/b/a Swipe4Free, a New York limited liability corporation, sells point of sale and merchant processing systems that business customers use to enable them to accept credit and debit card payments. *Id.* ¶¶ 7-8. To sell its products, Merchant Industry works with "partners" or "agents." *Id.* ¶ 9. The SAC alleges that Defendant Unlocked Business Strategies, Inc. ("UBS"), a telemarketing company that solicits consumers and businesses to sell Merchant Industry products, is one such entity. *Id.* ¶ 10.

Plaintiff alleges that Defendants violated the TCPA by using an automatic telephone dialing system to make unsolicited telephone calls to Plaintiff's cellular phone numbers ending in "1080" or "7210." *Id.* ¶¶ 16, 24, 27. Specifically, the complaint alleges that Plaintiff received five "unsolicited calls from Defendants" over the course of two days in August 2019. *Id.* ¶ 26. On the last of these calls, Plaintiff's agent spoke to an agent of UBS. *Id.* After the last phone call, Plaintiff received a follow-up email from Richie Smyth who stated that he worked with UBS and

1  was and "affiliate" of Merchant Industry. *Id.* ¶ 28. The email offered customer service, product
2  management, and other services provided by Merchant Industry with the purchase of the product,
3  and attached brochures advertising the Merchant Industry product and services. *Id.*

4  Now before the Court is Merchant Industry's motion to dismiss. ECF No. 50. Merchant
5  Industry argues that it is not subject to personal jurisdiction in California and that, even if it were,
6  Plaintiff lacks standing because it was not injured by the alleged conduct. *Id.* at 5, 8. Plaintiff
7  opposes the motion, arguing that it has established specific jurisdiction over Merchant Industries
8  based on the actions of Merchant Industry's agent.[1] ECF No. 53 at 9. In the alternative, Plaintiff
9  seeks jurisdictional discovery. *Id.* at 17; *see also* ECF No. 64. The question in dispute is whether
10 Plaintiff's allegations are sufficient to establish that UBS's actions can be imputed to Merchant
11 Industry to demonstrate purposeful contacts with the forum.

12 Plaintiff argues that its allegations establish a prima facie showing of an agency
13 relationship between Merchant Industry and UBS, and that UBS's activities can be imputed to
14 Merchant Industry under either an apparent agency or ratification theory. ECF No. 53 at 10.
15 Plaintiff points to the five phone calls made by UBS to Plaintiff "on behalf of Merchant Industry";
16 UBS's follow-up email sending Merchant Industry brochures and representing that it was an
17 "affiliate" of Merchant Industry; and a new follow-up email from UBS explaining Merchant
18 Industry's role with national payment processors who are also identified on Merchant Industry's
19 webpage. *Id.* at 10-11; *see also* SAC ¶¶ 26, 28; ECF No. 53-1 at 5-6, 13-17.[2] Plaintiff also
20 argues that it is "unbelievable" that UBS would engage in a sustained telemarking campaign to
21 sell Merchant Industry's product without compensation. ECF No. 53 at 10-11.

22 "[T]he ostensible authority of an agent cannot be based solely upon the agent's conduct."

---

[1] Both parties agree that the Court lacks general jurisdiction over Merchant Industry. *See* ECF No. 50 at 5-6; ECF No 53 at 12 n.1.

[2] Because Defendant moves to dismiss for lack of personal jurisdiction, the Court can consider facts beyond the complaint in analyzing Plaintiff's argument. *See Flintkote Co. v. Gen. Accident Assurance Co. of Canada*, No. C-04-01827 MHP, 2004 WL 1977220, at *4 (N.D. Cal. Sept. 7, 2004) ("In determining issues of personal jurisdiction the court may look beyond the four corners of the complaint."); *see also Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (plaintiff is "obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." (citation omitted)).

*C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citing *Kaplan v. Coldwell Banker Residential Affiliates, Inc.*, 59 Cal. App. 4th 741, 747 (1997)). All of Plaintiff's factual allegations, however, relate to conduct of the purported agent, UBS, and not the purported principal, Merchant Industry. Plaintiff has neither produced any agreement between Merchant Industry and UBS nor shown any other representation by Merchant Industry allowing UBS to act on its behalf. *Cf. Kaplan*, 59 Cal. App. 4th at 747 (finding ostensible agency where defendant made "representations to the public in general, upon which appellant relied"). The emails from UBS are representations of the supposed agent, not the principal. And although the email attached brochures advertising Merchant Industry products, those too are insufficient to show that UBS was authorized to act on Merchant Industry's behalf. Even taken collectively, Plaintiff's allegations do not show that UBS had apparent authority to act on behalf of Merchant Industry.

Nor has Plaintiff shown ratification. A principal can ratify a third party's actions either by (1) accepting the benefits of a third party's actions with a knowledge of material facts, or (2) ratifying the acts of a third party despite "willful ignorance" or awareness that a knowledge of material facts is lacking. *Henderson v. United Student Aid Funds, Inc.*, 918 F.3d 1068, 1073-74 (9th Cir. 2019). Here, Plaintiff has not shown that Merchant Industry received any benefit from UBS's conduct, regardless of the knowledge that Merchant Industry possessed.[3] In short, Plaintiff has not shown that the conduct of UBS can be imputed to Merchant Industry to establish contacts necessary to sustain a finding of specific jurisdiction.

Accordingly, the Court turns to Plaintiff's request for jurisdictional discovery. "A district court is vested with broad discretion to permit or deny [jurisdictional] discovery." *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). "[D]iscovery should be granted when . . . the jurisdictional facts are contested or more facts are needed." *Id.* at 1093; *see also Boschetto v.*

---

[3] At one point in its briefing, Plaintiff acknowledges that "[w]hether UBS acted with apparent authority (through an agreement with another agent of Merchant Industry) or whether Merchant Industry ratified the calls by accepting the benefit of the calls requires additional discovery to ascertain." ECF No. 53 at 11.

3

*Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (jurisdictional discovery may be appropriate "where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary"). Specifically, courts in this district require a plaintiff to present "a 'colorable basis' for jurisdiction, or 'some evidence' constituting a lesser showing than a prima facie case." *Calix Networks, Inc. v. Wi-Lan, Inc.*, No. 09-cv-06038-CRB (DMR), 2010 WL 3515759, at *4 (N.D. Cal. Sept. 8, 2010) (citing *Google, Inc. v. Egger*, No. 08-cv-03172-RMW, 2009 WL1228485, at *1 (N.D. Cal. Apr. 30, 2009); *eMag Sols., LLC v. Toda Kogyo Corp.*, No. 02-cv-1611-PJH, 2006 WL 3783548, at *2 (N.D. Cal. Dec. 21, 2006); *Focht v. Sol Melia S.A.*, No. 10-cv-0906-EMC, 2010 WL 3155826, at *2 (N.D. Cal. Aug. 9, 2010)).

Having reviewed the parties' supplement briefing, the Court finds that Plaintiff's request satisfies this standard. ECF No. 64. Plaintiff has now obtained a series of emails and drafts of a sales agent agreement from non-party MLL Marketing, Inc., suggesting a potential relationship between Merchant Industry, UBS, and MLL. *See* ECF Nos. 64-1, 64-2, 64-3, 64-4, 64-5, 64-8. Merchant Industry opposes Plaintiff's request on the grounds that the copy of the sales agreement Plaintiff has submitted is unexecuted. ECF No. 67 at 8. But that sets the bar too high, as "a plaintiff need not make out a prima facie case of personal jurisdiction before it can obtain jurisdictional discovery." *Calix Networks*, 2010 WL 3515759, at *4.

The Court finds that Plaintiff's supplemental submission establishes a colorable basis for jurisdiction to support its request for jurisdictional discovery. Accordingly, the Court orders the parties to meet and confer regarding the scope of such discovery. Within 14 days of the issuance of this order, the parties shall present to the Court a joint proposal, or competing proposals, for the scope and duration of jurisdictional discovery and the submission of supplemental briefing on the question of jurisdiction. If the parties present competing proposals, they may support their

/ / /
/ / /
/ / /
/ / /
/ / /

1  respective proposals with four pages of argument each.  The Court will then take the matter under
2  submission.  The motion to dismiss is hereby stayed.
3      **IT IS SO ORDERED.**
4  Dated:  February 24, 2021



JON S. TIGAR
United States District Judge